BENJAMIN B. TOOTHAKER *vs.* GILBERT M. GREER.

Waldo.     Opinion April 4, 1899.

*Trespass.  Judgment.  Evidence.*

In an action of trespass q. c. wherein the plaintiff, for the purpose of establishing his right to maintain the action, relies upon a judgment as of mortgage rendered by this court against this defendant for certain premises including the locus upon which the acts complained of as trespasses were committed, it is not competent for the defendant to show that the judgment should not have included the locus for the reason that it was not covered by the mortgage which was the basis of the judgment.

The validity of such a judgment can not be impeached in this collateral proceeding. So long as it remains unreversed it is conclusive. The facts sought to be proved by the defendant are inadmissible as their only effect is to show that the judgment was erroneously rendered through accident or mistake, and this can not be done collaterally.

But the defendant is not without remedy. In a proper proceeding, brought for the purpose of reversing the judgment, he would be entitled to relief.

ON REPORT.

The case appears in the opinion.

*R. F. Dunton*, for plaintiff.

*W. H. McLellan*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

WISWELL, J.   Action of trespass q. c. reported for the decision of the law court upon so much of the evidence as is legally admissible.

The acts complained of as trespasses are admitted; the only question is as to the plaintiff's right to maintain the action.   He claims that, at the time of the alleged trespass, he was rightfully in possession of the locus as owner, or, at least, that he was entitled to the immediate possession thereof.

To sustain this proposition the plaintiff introduced in evidence the record of a judgment of this court in a real action against this defendant, from which it appears that at the April term, 1896, of the court in Waldo county, the administrators of the estate of Daniel C. Toothaker entered a real action against the defendant to recover, "a certain lot or parcel of land with the buildings thereon, situated in said Belmont, on the road leading from Belmont corner to North Searsmont, being the homestead farm on which said Gilbert M. Greer (the defendant) now lives, containing one hundred and sixty acres more or less."   At the return term the defendant appeared and consented to a default, whereupon a conditional judgment as of mortgage was rendered against him for the premises described in the writ, "the homestead farm upon which the said Gilbert M. Greer now lives."

Subsequently a writ of possession was issued and placed in the hands of the sheriff of the county, who, on the ninth of July, 1896, executed the same by placing the plaintiffs in that action in possession.   At this time an arrangement was made between the plaintiffs in the real action and the defendant, that the latter should remain in possession as their tenant, he to cut the hay upon the farm and they to have one-half of it.

On May 13, 1897, this plaintiff, to whom on May 12th, an assignment had been made of the mortgage given by the defendant to Daniel C. Toothaker, and of the judgment rendered thereon, gave to the defendant a written notice to terminate the tenancy on June 13th, 1897, in accordance with which the defendant vacated the premises, but later returned and cut the hay upon a portion of the premises, the trespass complained of. It appearing from the evidence in the case that the lot upon which this hay was cut was a portion of the homestead farm upon which the defendant had been living for many years up to the time of the service of the writ of possession, the action is maintainable and the plaintiff is is entitled to judgment unless this result should be affected by the following facts which appear in defense.

On December 23rd, 1858, the defendant acquired title to two adjoining lots of land by two separate deeds from one Daniel A. Greer. In January, 1868, he purchased of one Nehemiah Abbott a third lot, adjoining the land previously conveyed to him. He paid for this lot by giving Abbott a mortgage, dated January 6th, 1868, of the two lots first acquired, and immediately went into possession of the lot purchased of Abbott, occupying it with the other two lots as his homestead, but through some inadvertence the defendant never obtained a deed of this lot that he purchased, fully paid for, and had the exclusive possession of continuously after January, 1868.

April 5th, 1884, the defendant paid the mortgage to Abbott with money borrowed by him of Daniel C. Toothaker for that purpose, to secure which the defendant gave Toothaker a mortgage of the two lots conveyed to the defendant by Daniel A. Greer; the mortgage did not cover the lot purchased of Abbott. This mortgage is the basis of the judgment relied upon by the plaintiff, but the lot purchased of Abbott, and not included in the mortgage, it is agreed, is the one upon which the acts complained of as trespasses were committed.

In other words, the judgment in the real action relied upon by the plaintiff is for the homestead farm occupied by the defendant, and the lot upon which the alleged trespass was committed is a

part of that homestead farm, none the less owned by him, prior to the judgment, and a portion of his homestead, because his title was acquired by purchase and possession rather than by deed; but the mortgage which was the basis of the judgment did not cover that lot, and the judgment was consequently erroneous in that respect.

Can these facts be shown as a defense to this action? Unfortunately they can not be. The validity of the judgment referred to can not be impeached in this collateral proceeding. The judgment, so long as it remains unreversed, is conclusive. The facts above referred to, shown in defense, are all inadmissible in this case; their effect is to show that the judgment was erroneously rendered through accident or mistake. This can not be done collaterally. This defense in this suit is not open to the defendant. These principles are all too well settled to admit of controversy or require the citation of authorities.

But the defendant is not without remedy. In a proper proceeding, brought for the purpose of reversing the judgment, he would be entitled to relief.

The plaintiff is accordingly entitled to judgment. It is agreed that the damages should be assessed at ten dollars.

*Judgment accordingly.*