AMERICAN MOTORISTS INSURANCE COMPANY v. ERNEST
S. VIGEN, ADMINISTRATOR, SUBSTITUTED FOR
TOM VIGEN, DECEASED.
GENERAL CASUALTY COMPANY OF WISCONSIN v.
JOHN GOLOB.[1]

August 7, 1942.

Nos. 33,053, 33,190.

[1]Reported in 5 N. W. (2d) 397.

*Smith & Nolan,* for appellant Vigen.

*Stone, Manthey, Carey & MacDougall,* for appellant John Golob.

*Forbes & Olson,* for respondent American Motorists Insurance Company.

*Johnson & Hultstrand,* for respondent General Casualty Company of Wisconsin.

LORING, JUSTICE.

These two cases present the question whether an unsuccessful defendant in a personal injury suit who is sued jointly with another defendant in whose favor a verdict was found and judgment entered is entitled to retry the issue of the successful defendant's liability to the original plaintiff and, if successful in establishing such liability, to recover contribution from the successful defendant.

It is the contention here of the insurers of the unsuccessful defendants that they may relitigate the liability of the successful defendants to the original injured plaintiffs and thus establish a common liability, notwithstanding the fact that it has been finally adjudicated that there is not and never was any liability on the part of the successful defendants to the injured plaintiffs.

The successful defendants, who are appellants here, assert that the adjudication in their favor in the original actions is conclusive of their nonliability to the original plaintiffs, and that since there is not and never was any liability on their part to such plaintiffs the essential element to justify contribution is lacking. In support of their position they cite National Bondholders Corp. v. Seaboard Citizens Nat. Bank (4 Cir.) 110 F. (2d) 138, 144, where the court said:

"Ordinarily, parties to a judgment are not bound by it in a subsequent controversy between each other unless they were adversary parties in the original action. City Bank of Wheeling v. Rhodehamel, 4 Cir., 223 F. 979; Freeman on Judgments, 5 Ed. vol. 1,

§§ 422-425, but there are exceptions to the rule, as where co-parties do in fact occupy the attitude of adversaries, e. g., Atchison, T. & S. F. R. Co. v. A. B. C. Fireproof Warehouse Co., 8 Cir., 82 F. 2d 505; *or where some finding of fact is made in the first suit which is an essential element in a claim or action subsequently brought by one against the other.* As said in Freeman on Judgments, § 425, 'insofar as their rights or obligations inter se are dependent on their rights or obligations toward their common adversary, the judgment adjudicating the latter is conclusive upon codefendants in subsequent litigation between them.' Thus it was held in United States Fidelity & Guaranty Co. v. Haggart, 8 Cir., 163 F. 801 (Sanborn, Van Devanter and Munger), that a judgment recovered by the United States against a marshal and the surety on his bond, on account of defalcation by the marshal's deputies, is conclusive of the existence of the defalcations and of the amount thereof in a subsequent action brought by the marshal against the surety on another bond, whereby the Surety Company bound itself to indemnify the marshal for every act done or neglected to be done by the deputies. See, also, Corcoran v. Chesapeake & Ohio Canal Co., 94 U. S. 741, 24 L. Ed. 190; The No. 34, 2 Cir., 25 F. 2d 602, 606; Kent's Adm'r v. Kent's Adm'r, 82 Va. 205; Ellis v. Cole, 105 App. Div. 48, 94 N. Y. S. 1031." (Italics supplied.)

This rule is supported by Hobbs v. Hurley, 117 Me. 449, 453, 104 A. 815, 817, an action for contribution against alleged joint tortfeasors where two of the four defendants were exonerated in the original action, and contribution was sought by one unsuccessful defendant against the other, the latter making the defense that each of the four original defendants should contribute one-fourth. The court said:

"In the first place, all four of these persons were joined as defendants in the former suit, and their liability or non-liability was there determined. Judgment was rendered against Hobbs and Hurley while it was held that the action should not be main-

tained against Gardner and Herrick. That judgment still stands unreversed and is not open to collateral attack unless it was obtained by fraud or unless want of jurisdiction appears on the face of the record. Toothaker v. Greer, 92 Maine, 546, 43 A. 498; Winslow v. Troy, 97 Maine, 130, 53 A. 1008. The rights of the parties were fixed by that judgment and it constitutes the impregnable basis of this suit. Contribution must be of one-half the amount."

See also Town of Flagstaff v. Walsh (9 Cir.) 9 F. (2d) 590, 592.

But the unsuccessful defendants here contend that this court is committed to their position.

This court has held that a judgment against both defendants in the original action is not *res judicata* as between them in a subsequent action for contribution. Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173. The defendant who paid no part of the judgment may show that the tortious conduct of the other was willful and that consequently he is not liable to such defendant for contribution.

Since the payment by a plaintiff of more than his share of a common liability is the basis of an action for contribution, the lack of such common liability to the injured person on the part of the parties to the contribution action would logically seem to preclude a right to contribution. "The thing that gives rise to the liability [for contribution] * * * is that both parties were subject originally to a common liability, and one has taken more than his just share of the burden." D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 418, 236 N. W. 766, 768.

It must be conceded that the judgment in favor of the successful defendant and against the injured plaintiff as between them is conclusive that there is not and never was any liability whatever on the part of the successful defendant to the injured party. No recovery could ever have been had by the injured party against him. Hence it would seem to follow that there could never have been a common liability. That is *res judicata* between the injured plaintiff and the successful defendant. In cases where the judgment is against both or all defendants, it is likewise *res judicata*

between the original plaintiff and such defendants. Is it not, then, an adjudication of such an essential element of the suit for contribution as to preclude recovery in the cases at bar?

Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320, held that contribution is available between joint tortfeasors, absent intentional wrong or conscious illegal act on the part of the one seeking such relief. Kemerer v. State Farm Mut. Auto Ins. Co. 211 Minn. 249, 300 N. W. 793.

Mason St. 1927, § 9410, has made no change in the substantive law of contribution. It has merely supplied a summary method of procedure. Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173.

Where, as in D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766, one of two defendants makes a provident settlement before trial, the question of common liability is still open and may be determined in the action for contribution.

In Hardware Mut. Cas. Co. v. Anderson, 191 Minn. 158, 253 N. W. 374, where, as in the cases now before us, there was a verdict against one defendant and in favor of the other, the judgment was held not *res judicata* between the defendants, but the question of whether the case presented the question of common liability prerequisite to contribution was expressly not decided for the reason that it had not been presented below.

We are cited to Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 334, 212 N. W. 533, as conclusive on the question now before us. In that case there was a directed verdict in favor of one of two defendants and a jury verdict against the other, who on appeal sought to review the propriety of the directed verdict upon the theory that, if erroneous, it took from him his right to contribution. This court said:

"This contention rests on the assertion that the directed verdict is an adjudication of the question of negligence between the codefendants."

The court discussed only the problem of *res judicata* and came to the conclusion that a judgment resting on the directed verdict

would not be *res judicata* in an action for contribution, basing its decision upon Bakula v. Schwab, 167 Wis. 546, 168 N. W. 378. The opinion did not discuss the effect of the directed verdict on the basic element of an action for contribution.

In the Bakula case a verdict was erroneously directed against one of two defendants charged with negligence. The court took the position that there was a distinction between contribution cases based upon common contract liability and those arising out of torts. It conceded that in contract cases (167 Wis. 553, 168 N. W. 378, 380) "a judgment in favor of the plaintiff against one or more codefendants is *res adjudicata* in subsequent actions between such codefendants *so far as the question of indebtedness of the defendants to the plaintiff is concerned,* but no farther." (Italics supplied.) It held that in a tort case such a judgment was not *res judicata* as to the liability of the defendants to the original plaintiff in a subsequent action for contribution. It is quite apparent from the opinion in the Bakula case that the court was greatly moved by the inconvenience to the injured plaintiff if a new trial were ordered.

Subsequently, in Wait v. Pierce, 191 Wis. 202, 229, 209 N. W. 475, 210 N. W. 822, 824, 48 A. L. R. 276, the Wisconsin court had the following to say in regard to the Bakula case:

"In the Bakula Case, *supra,* there was no cross-complaint and no issue was made between the codefendants. It was therefore held that the defendant Schwab was not concluded by the judgment in Wilkinson's favor. So far as the Bakula Case holds that where one joint tortfeasor discharges more than his equitable share of a liability resting upon him and another joint tortfeasor by a single judgment, *the question of liability of the other joint tortfeasor to the plaintiff is not res adjudicata, it must be and is modified."* (Italics supplied.)

This subsequent holding was not before this court in the Merrill case, 170 Minn. 332, 212 N. W. 533. The inconvenience to a plaintiff under like circumstances could be largely avoided by the practice of this court in referring back limited questions for retrial.

No doubt conditions could be imposed that would require payment of the judgment by the unsuccessful defendant. A careful examination of the briefs in the Merrill case discloses that the effect of the judgment in favor of the successful defendant and against the injured plaintiff as depriving the unsuccessful defendant of the fundamental ground of his claim for contribution was not presented to either the trial court or this court. This left the case presenting the same aspect as did the Hardware Mutual case, 191 Minn. 158, 253 N. W. 374. What was there said as to the effect of the adjudication on the essential element of the right to contribution is specifically overruled.

It is quite true that the right to contribution arises out of the relationship of the parties to an original transaction. In contract cases the common liability arises out of the relationship created by the original agreement, express or implied; but in tort cases the original common liability must be established in some way— in contested cases by adjudication of such liability as between the injured person and the alleged tortfeasor. In cases which have not gone to judgment the question is open, as in D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766, and the adjudication in the contribution case supplies the relationship to the original transaction. But where trial of a tort action is had and judgment rendered in favor of a defendant, the case stands as if he had had no part in the tort. He stands without relation to the original transaction. That being so, there can be no common liability where no liability whatever exists. In Consolidated Coach Corp. v. Burge, 245 Ky. 631, 634, 54 S. W. (2d) 16, 17, 85 A. L. R. 1086, the court said:

"* * * the right of action for contribution must necessarily grow out of the causes of action in favor of the injured passengers against both" alleged tortfeasors.

If there is no cause of action arising out of the tort against the person from whom contribution is sought, there can be no resulting right to contribution; and when the courts have adjudicated that there was no such cause of action there can be no right to

contribution accruing to the guilty tortfeasor. Consolidated Coach Corp. v. Burge, *supra.*

Many cases are cited to us where the fact has been ignored that a suit for contribution is an action derived from a common liability arising out of a relationship originally assumed by contract or arising from common responsibility to the victim of a tort. Those cases we do not follow. Where it has been adjudicated that there never was any responsibility of the defendant to the injured person, there is absent that common liability which is the fundamental basis for contribution. Cases in regard to *res judicata* as between codefendants in tort cases arising where the question of the application of the rule as to intentional or willful wrong was involved and common liability to the injured person had been adjudicated are not in point. It was perhaps to be expected that broad expressions in regard to the effect of the judgment as between the injured person and the defendants should creep into the opinions in such cases. However that may be, sound reason would seem to dictate that where, as between the injured person and a codefendant, it has been finally adjudicated that there is no liability, an action for contribution will not lie; and any expressions in any of our opinions which tend to support the theory that such a judgment is of no effect and that the unsuccessful defendant may relitigate the liability of the successful defendant to the injured person should be and are overruled. Such a judgment is *res judicata* upon any essential element of a claim or action subsequently brought by one of them against the other.

The order overruling the demurrer and that denying the motion for judgment notwithstanding the verdict are both reversed.

STONE, JUSTICE (concurring).

Agreeing in the result and all that is said in support of it, I must yet ask liberty to restate the gist of the problem as it appears to me.

A judgment *in personam* is always admissible in evidence "to establish the mere fact of its own rendition, and those legal consequences which result from that fact." 10 R. C. L. p. 1116, § 323.

20 Am. Jur., Evidence, p. 848, § 1001; 3 Dunnell, Dig. & Supp. § 5154.

This rule was applied in Pabst Brg. Co. v. Jensen, 68 Minn. 293, 294, 71 N. W. 384, wherein we stated it in these terms:

"The rule is well settled that a judgment, *in personam,* at least, of a court of competent jurisdiction, may be offered in evidence in a subsequent suit as evidence of its own existence, and of its legal effects, to prove which it is admissible for and against strangers, as well as for and against parties and privies."

To illustrate: A's claim against B for a commission on the sale of real estate may depend upon the existence of a contract for the sale of it between B as vendor to C as vendee. Now if, in an action between B and C, it is decided that there is no such contract and never was, that issue is settled as to all the world. If A, thereafter, sues for a commission on the deal, he cannot recover, simply because the judgment between B and C has determined finally the nonexistence of the contract which was condition precedent to the validity of his claim for a commission.

That, it appears to me, is the whole case. The defendants who were successful in the original actions may use the judgments therein as conclusive evidence that they were never liable to the plaintiffs. That fact established, the inescapable conclusion is that the unsuccessful defendants, in discharging the liability established against them by judgment, were not discharging the joint obligation of themselves and the successful defendants. Hence there should be no contribution.