**YELLOW CAB CO. OF D. C., Inc. v. JANSON et al.**

No. 10318.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 2, 1949.

Decided Dec. 19, 1949.

Mr. Alfred M. Schwartz, Washington, D. C., with whom Mr. Samuel A. Friedman, Washington, D. C., was on the brief, for appellant.

Mr. Richard W. Galiher, Washington, D. C., with whom Messrs. William H. Clarke and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee

D.C. 316, 92 F.2d 467; certiorari denied 302 U.S. 735, 58 S.Ct. 120, 82 L.Ed. 568.

William N. Janson. Mr. Wesley E. Mc-Donald, Washington, D. C., also entered an appearance for appellee William N. Janson.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

Anna Janson and her husband were passengers in an automobile owned and operated by William Janson when it collided with a taxicab of the Yellow Cab Company. The Janson car was damaged and Anna Janson was injured. William Janson sued the Cab Company and recovered for the damage to his car. The Cab Company pleaded but failed to prove contributory negligence on the part of William Janson.

Anna Janson and her husband afterwards sued the Cab Company for her injuries. As defendant in their suit, the Company served the present "third-party" complaint on William Janson. This complaint asserts that the collision was caused by William Janson's negligence, and that if it should prove to have been caused by the negligence of both William Janson and the Company, the Company would be entitled to recover from him half of what it might be compelled to pay to Anna Janson. William Janson answered and moved for summary judgment on the ground of res judicata. The District Court granted this motion and the Company appeals.

We think the court was clearly right. The Company is attempting to litigate again with William Janson an issue that was adjudicated in the former suit between them. William Janson's recovery against the Company in that suit determined, as between them, not only that the Company's negligence caused the collision but also that no negligence of William Janson contributed to it. If this question of his negligence had not been litigated between him and the

Company, the Company could litigate it in the present suit and, if it were decided against him, could collect from him one-half of what it might be compelled to pay to Anna Janson. George's Radio, Inc., v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219; Knell v. Feltman, 85 U.S. App.D.C. ——, 174 F.2d 662; Federal Rules of Civil Procedure, rule 14(a), 28 U.S.C.A. But since it has been adjudicated between the Company and William Janson that no negligence of his contributed to the collision, the Company cannot now be heard to assert and prove against him that the contrary is true. It is immaterial, as between them, that the contrary might be true from the point of view of omniscience or of a new jury. Since the Company cannot assert and prove against William Janson that negligence of his was a cause of the collision, it cannot collect from him any part of the damage it may suffer as a result of the collision. Whatever Anna Janson may recover from the Company will be such damage.

Contribution is not identical with subrogation. It is immaterial as between appellant Company and appellee William Janson that Anna Janson might sue both and might recover against both. Even if she did, and even if the Company alone paid in full a judgment against both, it could collect nothing from William Janson. The point is simply that the right to enforce contribution is no exception to the principle of res judicata where, as here, no statute undertakes to make it one. Tarkington v. Rock Hill Printing & Finishing Co., 230 N.C. 354, 53 S.E.2d 269. Cf. American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 5 N.W.2d 397, 142 A.L.R. 722; Neenan v. Woodside Astoria Transportation Co., 261 N.Y. 159, 184 N.E. 744; Mink v. Keim, 291 N.Y. 300, 52 N.E.2d 444.

Affirmed.