RUDOLPH RADMACHER v. JAMES CARDINAL.
BENJAMIN CHESIN, THIRD-PARTY DEFENDANT,
APPELLANT.

117 N. W. (2d) 738.

October 26, 1962—No. 38,398.

Faegre & Benson, Raymond Scallen, and Wright Brooks, for appellant.

Freeman, Hoppe & Kennedy and Robert J. Healy, for respondent.

OTIS, JUSTICE.

Appeal from an order of the district court striking from the answer of appellant, third-party defendant, Benjamin Chesin, allegations of estoppel by verdict arising out of a cross-suit for contribution brought by respondent, third-party plaintiff, James Cardinal.

This litigation arises out of a collision between a car driven by Chesin in which plaintiff, Rudolph Radmacher, was a passenger, and a car driven by Cardinal. In a previous action Chesin sued Cardinal for personal injuries and property damage and Cardinal counterclaimed for property damage. The verdict awarded Chesin damages, the payment of which was a final disposition in that action without the entry of judgment against Cardinal.

Subsequently this independent action was brought by Radmacher against Cardinal alone, seeking damages for personal injury, in which proceedings Cardinal joined Chesin by serving on him a third-party complaint alleging:

"That if the heretofore mentioned accident and alleged injuries and damages to the plaintiff were caused by negligence on the part of any person, then such negligence was the negligence of the third party defendant, Benjamin Chesin, in that said Benjamin Chesin operated his automobile in a careless and negligent manner and caused or contributed to the happening of said accident and plaintiff's injuries and damages."

Cardinal's prayer for relief is for a judgment against Chesin for contribution if Radmacher recovers damages against Cardinal.

In his third-party answer Chesin alleges that the prior verdict established that Cardinal was guilty of negligence proximately causing the collision and that Chesin was free from negligence; that the issues of negligence in the operation of the cars have been adjudicated between Cardinal and Chesin adversely to Cardinal; and that Cardinal is estopped from asserting any claim of negligence on the part of Chesin. Chesin further alleges—

"* * * that [because of] the fact that the question of the negligent operation of these two automobiles has already been litigated, decided and adjudicated, there is no issue of negligence left between third party plaintiff and third party defendant to litigate in this action since the liability for said action has already been established on third party plaintiff."

Upon a motion by Cardinal to strike all of the allegations from Chesin's third-party answer on the ground they do not constitute a defense, the court entered the following order:

"IT IS ORDERED that the allegations of the answer (a) relating to determinations in a prior action (1) as adjudications of the issues in the third-party suit or (2) as constituting an estoppel against Cardinal's asserting a claim of negligence on the part of Chesin; (b) relating to determinations in the prior action as res judicata or collateral es-

toppel; and (c) relating to the prior determinations as a bar to a claim of contribution by Cardinal against Chesin be, and the same hereby are, stricken."

This is a case of first impression in Minnesota and poses difficult and elusive questions in the application of the laws governing contribution and estoppel by verdict. The issue is whether the jury's verdict in the prior action now prevents Cardinal from attempting to prove that Chesin is jointly liable to Radmacher if Radmacher recovers against Cardinal. We hold that the prior verdict does not foreclose Cardinal from litigating Chesin's liability to Radmacher, but that it restricts the issues to those which were not determined by the jury in the prior litigation. The trial court's order as thus modified is therefore affirmed.

1. The right to contribution arises where the common liability of two or more joint tortfeasors to a third person has been established, and one joint tortfeasor has paid more than his share of the common obligation.[1]

Under Minnesota practice it is no longer necessary to wait until liability has been fixed to bring a separate action, since the issue of contribution can now be litigated by cross-claims or third-party proceedings between persons who are not, but may ultimately be, jointly liable.[2]

2. As Judge Sanborn has observed in National Farmers Union Property & Cas. Co. v. Fisher (8 Cir.) 284 F. (2d) 421, while the rule of res judicata and collateral estoppel is not difficult to state it is not always easy to apply. The problem in the instant case is to de-

---

[1]Minn. St. 548.19; Restatement, Restitution, § 86; Employers Mutual Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. 235 Minn. 304, 309, 50 N. W. (2d) 689, 693; American Auto. Ins. Co. v. Molling, 239 Minn. 74, 78, 57 N. W. (2d) 847, 850; Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 372, 104 N. W. (2d) 843, 847.

[2]Rules 13.07 and 14.01, Rules of Civil Procedure; Gustafson v. Johnson, 235 Minn. 358, 372, 51 N. W. (2d) 108, 116; Koenigs v. Travis, 246 Minn. 466, 468, 75 N. W. (2d) 478, 481; Coble v. Lacey, 257 Minn. 352, 358, 101 N. W. (2d) 594, 599.

termine exactly what issues were actually litigated between the third-party plaintiff and the third-party defendant in the prior action.

In recognizing the doctrine of "estoppel by former verdict," Mr. Justice Mitchell held in Swank v. St. Paul City Ry. Co. 61 Minn. 423, 425, 63 N. W. 1088, 1089, that it operates as conclusive evidence of the facts actually litigated in the first action. The court in that case said it was not necessary to plead the former verdict in order to assert it in a subsequent suit, but the verdict might be introduced into evidence in the usual way. The United States Supreme Court has discussed the reasons for the rule in Cromwell v. County of Sac, 94 U. S. 351, 353, 24 L. ed. 195, 198, and in Southern Pac. R. Co. v. United States, 168 U. S. 1, 48, 18 S. Ct. 18, 27, 42 L. ed. 355, 377. In the Southern Pacific case the court stated:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

See, also, Restatement, Judgments, § 68.

With some exceptions not here relevant, the doctrine of estoppel by verdict applies only where the issues being litigated were previously decided between the same parties who were actually adversaries in the prior litigation. As applied to contribution suits, this has given the court no little difficulty. In American Motorists Ins. Co. v. Vigen,

213 Minn. 120, 5 N. W. (2d) 397, 142 A. L. R. 722, A sued B and C and the jury exonerated B, but held C liable. There were no cross-claims between B and C, and while each sought to escape liability to A by arguing that the damage was caused by the other, no issue was joined between them. In a subsequent action C sued B for contribution, and we held that the first case had conclusively determined there was no liability on the part of B to A and hence no contribution recoverable. The Vigen decision has been criticized because it foreclosed the trial of an issue which had never previously been litigated adversely by the parties to the contribution suit. Note, 37 Minn. L. Rev. 470, 479; Bunge v. Yager, 236 Minn. 245, 253, 52 N. W. (2d) 446, 450. In a recent case, Hill v. Stokely-Van Camp, Inc. 260 Minn. 315, 316, 109 N. W. (2d) 749, 750, we pointed out:

"The general rule is that the doctrine of res judicata, as well as that of estoppel by verdict, does not operate to affect strangers to a judgment. It affects only those who are parties to the action or in privity with them."

In the Bunge case, A recovered a verdict against both B and C in an action alleging joint negligence. There were no cross-claims between the defendants. In an action, subsequently tried, wherein B sued C for injuries arising out of the same accident, C set up the defense of estoppel by verdict, claiming B's contributory negligence had already been established. C argued that it was impossible for A to have recovered against B in the first suit without having proved that B was guilty of negligence which would bar his recovery in the second action. We said (236 Minn. 254, 52 N. W. [2d] 450):

"* * * While this argument seems plausible, it ignores the fact that (B and C) were not adversaries in the action brought by (A) against both of them."

In Coble v. Lacey, 257 Minn. 352, 101 N. W. (2d) 594, we held that one joint tortfeasor had not proved he was entitled to contribution against the other in an action simply because the defendants had cross-claimed for damages without explicitly raising the issue of contribution.

Turning to the. facts of the instant case, it is obvious that Cardinal and Chesin did not and could not litigate the contribution issue in the first action because Radmacher was not a party to it. However, to the extent it is possible to isolate the issues which were actually determined at the first trial, they are governing in the disposition of this litigation. The trial court in its memorandum takes the position that the first case simply decided that Chesin violated no duty to Cardinal but did not decide whether Chesin violated a duty to Radmacher. The court reasoned that there is no such thing as "negligence in the air" or a breach of duty to the whole world, and hence Cardinal may now show that Chesin violated a duty to Radmacher even though the proof may include all of the same conflicting evidence concerning the collision which the first jury resolved in Chesin's favor. We do not agree. Had the original action between Chesin and Cardinal been submitted to the jury on a special verdict or special interrogatories pursuant to Rule 49, Rules of Civil Procedure, it is clear that their findings of fact would be res judicata in the instant case. Although this was not done, we are of the opinion that in determining Cardinal was negligent and Chesin was not, the jury necessarily had to find some violation of the statutes or common-law rules of the road on the part of Cardinal which proximately caused the collision. By the same token there is implicit in the jury's verdict a determination that Chesin was not guilty of such a breach.

It is inconceivable that Chesin's conduct in the operation of his car at the time of the impact could constitute a breach of duty to Radmacher which proximately caused the collision and Radmacher's injuries without such conduct's having also been a breach of duty to Cardinal. Conversely then, if Chesin was not negligent as to Cardinal in causing the collision, it is difficult to see how he could have been negligent as to Radmacher in this regard. Unlike the duty of a common carrier to a passenger, the degree of care owed by Chesin to Radmacher would seem to be identical with that he owed Cardinal.

Under any theory, the first action did not conclusively determine that Chesin was not *liable* to Radmacher, and hence Cardinal is free to introduce evidence, if any there be, showing negligence on the

part of Chesin which is unrelated to the events causing the collision itself if such negligence was a proximate cause of Radmacher's injuries for some other reason. Thus we hold that Cardinal is estopped from proving the collision resulted from Chesin's negligence, without foreclosing Cardinal's right to show that Radmacher was injured by some other negligent act or omission on the part of Chesin.

In arriving at this conclusion we find support in National Farmers Union Property & Cas. Co. v. Fisher (8 Cir.) 284 F. (2d) 421. There two passengers sued two drivers, and the drivers cross-claimed for personal injury. The jury found both drivers guilty of negligence which caused the collision. In a subsequent action a third passenger brought an action against a single driver who then sought contribution from the other driver. In an opinion written by Judge Sanborn the court held that the prior action precluded the second joint tortfeasor from denying that the collision resulted from the concurrent negligence of both drivers, without preventing the second joint tortfeasor from showing that the injured party had no redress against him for reasons unrelated to the collision. The same result was reached in Stansel v. McIntyre, 237 N. C. 148, 74 S. E. (2d) 345; Yellow Cab Co. v. Janson, 86 App. D. C. 38, 179 F. (2d) 54; Sullivan v. Gist (E. D. Pa.) 159 F. Supp. 928.

Since it would be prejudicial error to bring to the jury's attention that part of the prior adjudication finding the third-party plaintiff guilty of negligence, it is the duty of counsel to present the issue of estoppel by verdict either through an offer of proof at the trial outside of the hearing of the jury or at a pretrial conference. The court can then rule on the scope and effect of the prior adjudication and the manner in which it shall be received in evidence. In the case at hand this might be accomplished by the simple expedient of informing the jury at the outset that as a matter of law the third-party defendant was not guilty of negligence which was a proximate cause of the collision.

Affirmed with directions.