MICHAEL JOEL SHIMP, A MINOR, BY JOEL J. SHIMP,
HIS FATHER AND NATURAL GUARDIAN, AND
ANOTHER v. RICHARD SEDERSTROM AND ANOTHER.
DIANE MARIE SHIMP, THIRD-PARTY DEFENDANT.

233 N. W. 2d 292.

September 5, 1975—No. 45419.

*Molter & Runchey, Joseph H. Louwagie,* and *Robert C. Runchey,* for appellants.

268

*Winter, Lundquist, Sherwood & Athens* and *Marvin E. Lundquist,* for respondent.

SHERAN, CHIEF JUSTICE.

This appeal arises out of an automobile accident that occurred in July 1973 in Chippewa County. The relevant facts are undisputed.

On July 19, 1973, Harvard Lycurgus Sederstrom was operating a truck owned by his son, Richard Sederstrom. At the same time, Diane Shimp was driving an automobile owned by Joel J. Shimp, her husband. With her were Candace Abraham, Tami Susan Abraham, and Michael Shimp.

The two vehicles collided at an intersection in rural Chippewa County. As a result of this accident, Tami Susan Abraham was killed. Candace Abraham, Michael Shimp, and Diane Shimp all sustained serious injuries.

Subsequently, in August 1973, an action was initiated against Harvard Lycurgus Sederstrom and Richard Sederstrom by Clarence Abraham as trustee for the heirs and next of kin of Tami Susan Abraham. Defendants initiated a third-party action against Joel Shimp and Diane Shimp for indemnification or contribution for any sums that might be adjudged against them in this action. The Shimps denied any negligence and counterclaimed against the defendants for injuries and damages sustained by Diane Shimp and Joel J. Shimp.

Prior to trial, attorneys for Clarence Abraham, as trustee for Tami Susan Abraham, reached a settlement with defendants, and that suit was dismissed. The title of the original action was then changed to Joel J. Shimp and Diane Shimp v. Richard Sederstrom and Harvard Lycurgus Sederstrom. Left for resolution was the claim of the Shimps for injuries and damages suffered by Diane and Joel Shimp. This case was tried to a jury and submitted upon a special verdict. The jury found that Harvard Sederstrom operated his vehicle in a negligent manner and that

such negligence was the direct cause of the collision. The jury further found that Diane Shimp, the other driver, was not negligent and assessed damages. As a result, judgment was ordered for Diane and Joel Shimp for their injuries and losses. That judgment was not appealed.

Subsequent to the jury verdict, this action was commenced by Michael Shimp, a minor passenger riding with Diane Shimp, against Richard Sederstrom and Harvard Sederstrom, seeking recovery for Michael Shimp's pain and suffering. The defendants (Sederstroms) initiated a third-party action against Diane Shimp for contribution or indemnity. Diane Shimp answered by alleging the prior jury verdict and judgment as collateral estoppel barring this third-party action. Thereafter, attorneys for the third-party defendant moved for dismissal with prejudice and summary judgment in the third-party action. The trial court granted the motion and ordered the third-party action dismissed with prejudice. Third-party plaintiffs (Sederstroms) now appeal from the judgment of dismissal.

In yet another action, Joel J. Shimp brought suit against the Sederstroms for the amount of medical expenses incurred by his son Michael. The defendants again brought a third-party complaint against Diane Shimp for contribution or indemnity. Third-party defendant (Diane Shimp) again answered by holding out the former judgment as collateral estoppel. The trial court granted Diane Shimp's motion for dismissal of the third-party complaint in this case as well. Third-party plaintiffs also appeal from the judgment of dismissal of this action.

The point in contention in these cases is clear. In the original action, Joel and Diane Shimp sued the Sederstroms for damages and injuries they received, claiming that the accident was solely the fault of Harvard Sederstrom. The Sederstroms, however, claimed that Diane Shimp, the other driver, was contributorily negligent. A jury verdict found that Harvard Lycurgus Sederstrom was negligent and that his negligence directly caused the

accident; the jury also found that Diane Shimp was not negligent.

In these subsequent cases, now being reviewed, plaintiffs are suing the Sederstroms for additional damages arising out of the same accident. In each case, the Sederstroms have brought a third-party action against Diane Shimp, claiming an obligation of contribution or indemnity. In so doing, the Sederstroms allege that Diane Shimp "operated her motor vehicle in a negligent and careless manner so as to directly cause and contribute to certain injuries and damages sustained by the Plaintiff herein." Diane Shimp asserts, and the trial court agreed, that the Sederstroms' third-party claim is collaterally estopped.

The doctrines of collateral estoppel and res judicata hold that parties to an action, and those in privity with them, are estopped from relitigating in subsequent actions issues that were determined in a prior action. Brooks Realty, Inc. v. Aetna Ins. Co. 268 Minn. 122, 128 N. W. 2d 151 (1964). The policy of putting an end to litigation, in so far as it is implemented by doctrines of res judicata and collateral estoppel, is a strong one. It is based on the principle that a party should not be twice vexed for the same cause, and that it is for the public good that there be an end to litigation. Halloran v. Blue & White Liberty Cab Co. 253 Minn. 436, 92 N. W. 2d 794 (1958).

One of the requirements for the application of the doctrine of collateral estoppel, also known as estoppel by verdict, is that the issue sought to be litigated in the second action must have been litigated and determined in a prior action. Radmacher v. Cardinal, 264 Minn. 72, 117 N. W. 2d 738 (1962). A number of our cases have applied this requirement to contribution suits. In Radmacher v. Cardinal, *supra*, an automobile passenger sued his host-driver, who brought a third-party action seeking contribution from the driver of the other automobile. In a previous adversary action, however, the third-party defendant had been found to be free from causal negligence and the third-party

plaintiff had been found causally liable.[1] We held that the prior verdict estopped the third-party plaintiff from asserting a right to contribution from the third-party defendant unless the claim was based on negligence unrelated to the negligence proximately causing the collision. No such unrelated negligence has been alleged in the case at bar.

An analogous holding was rendered by the Court of Appeals for the Eighth Circuit in National Farmers Union Property & Cas. Co. v. Fisher, 284 F. 2d 421 (1960). There, two passengers sued two drivers, and the drivers cross-claimed against each other for their personal injuries. The jury found both drivers guilty of causal negligence. In a subsequent action, a third passenger brought an action against one of the drivers, who then sought contribution from the second driver. The court held that the prior action precluded the second driver from denying that the collision resulted from the concurrent negligence of both drivers.[2]

Applying these principles to the instant facts, we hold that the third-party actions for contribution were properly dismissed. In each instance, the third-party action was based on an allegation that Diane Shimp negligently operated her automobile so as to directly cause and contribute to the injuries and damages

---

[1] Facts which are determined by the doctrine of collateral estoppel must have been originally determined in an adversary proceeding. In Bunge v. Yager, 236 Minn. 245, 52 N. W. 2d 446 (1952), A recovered a verdict against both B and C in an action alleging joint negligence. There were no cross-claims between the defendants. In a subsequent action, wherein B sued C for injuries arising out of the same accident, C set up the defense of collateral estoppel, claiming that B's contributory negligence had already been established. C argued that it was impossible for A to have recovered against B in the first suit without having proved that B was guilty of the negligence that would bar his recovery in the second suit. We denied the defense, however, because B and C had not been adversaries in the first suit and because B was now entitled to his day in court on his right to recover from C.

[2] The second driver was allowed to show, however, that the injured party had no redress against him for reasons unrelated to the collision.

sustained. That question of liability, however, is precisely the question of fact that was determined in the first adversary proceeding between the two drivers. As a result, the third-party plaintiffs are now estopped from asserting the contributory negligence of the third-party defendant. Accordingly, we affirm the judgments of dismissal.

Third-party plaintiffs also contend that the doctrine of collateral estoppel should not be applied in this instance because it would be inequitable to do so. They rely on Lundeen v. Hackbarth, 285 Minn. 7, 171 N. W. 2d 87 (1969). In that case, under the "unusual facts" then before us, the application of collateral estoppel would have produced an anomalous result and would have placed the plaintiff in a highly untenable position. We therefore refused to apply the doctrine on equitable grounds.

No such unusual or anomalous situation is before us now. Rather, third-party plaintiffs assert only that the original jury had been swayed by the emotional nature of the trial and that the jury's findings should not be relied upon. We disagree. If the jury had been under the influence of passion and prejudice, the original judgment could have been appealed on that basis. That was not done, and the original verdict must now be given a strong presumption of fairness and accuracy and must be accorded finality. This being true, it may equitably serve to collaterally estop a subsequently attempted relitigation of precisely the same issue.

Affirmed.