CANDACE ABRAHAM, A MINOR, BY CLARENCE
ABRAHAM, HER FATHER, AND ANOTHER, v.
RICHARD SEDERSTROM AND OTHERS.
JOEL J. SHIMP AND ANOTHER, RESPONDENTS.

233 N. W. 2d 296.

September 5, 1975—Nos. 45825, 45860.

*Molter & Runchey* and *Robert C. Runchey,* for petitioners.
*Winter, Lundquist, Sherwood & Athens* and *Marvin E. Lundquist,* for respondents.

SHERAN, CHIEF JUSTICE.

This case arose out of the same automobile accident as that involved in Shimp v. Sederstrom, 305 Minn. 267, 233 N. W. 2d 292 (1975). Reference is made to that opinion for the necessary background facts.

This new action was initiated against Richard and Harvard Sederstrom and Joel and Diane Shimp by Candace Abraham, a minor passenger in the Shimp automobile, and by Clarence Abraham, her father. Plaintiffs sought recovery for personal injuries sustained by Candace Abraham and her medical expenses incurred as a direct result of the automobile collision. The Shimps subsequently cross-claimed against the Sederstroms for contribution or indemnity. The Shimps moved for summary judgment on the cross-claim, alleging that the jury verdict in the prior litigation entitled them to such a judgment.[1] The trial court denied the motion.

A full trial was then held. The jury returned a verdict finding defendant Harvard Sederstrom 70-percent negligent and defendant Diane Shimp 30-percent negligent. Subsequent to trial, the Shimps again made a motion for full indemnification from the Sederstroms for any amounts the Shimps were required to pay plaintiffs. The court granted this motion and we allowed a petition for discretionary review of its order.

The Shimps assert, and the trial court agreed, that they are entitled to indemnity on the basis of collateral estoppel, that is, estoppel by verdict. The two drivers involved in the cross-claim were parties to a prior action in which their respective liabilities for the collision were determined on the merits. As a result of that prior adjudication, the Shimps contend that the Sederstroms are estopped from denying their total liability as between the

---

[1] As explained in detail in the companion case, a jury, in a prior adversary context, had already found Harvard Sederstrom to be wholly liable for the accident. That same jury found Diane Shimp, the other driver, to be free from negligence.

two drivers and must, therefore, reimburse the Shimps for any judgment they are forced to pay to the plaintiffs in the instant case. We agree.

It is settled that the doctrine of estoppel by former verdict, or collateral estoppel, operates as conclusive evidence of those facts actually litigated in the first action. Radmacher v. Cardinal, 264 Minn. 72, 117 N. W. 2d 738 (1962). The Sederstroms assert that, while the issue determined in the prior litigation was the negligence of the first driver against the second driver, this suit involves the negligence of the first driver against the second driver's passenger. We do not believe that to be a relevant distinction under these facts. There might be an unusual fact situation where a driver could violate a duty of care as to another driver but not as to a passenger in the other vehicle. No such difference as to the standards of due care has been suggested in this case. Here, therefore, the liability of the Sederstroms for the collision, and hence to the current plaintiffs, may be taken as having been established in the prior action. Radmacher v. Cardinal, *supra*; Panto v. Safeway Trails, Inc. 260 F. Supp. 670 (E. D. Pa. 1966).

Although there are no Minnesota cases dealing with the application of collateral estoppel to facts such as these, the Supreme Court of North Carolina dealt with this problem in Streater v. Marks, 267 N. C. 32, 147 S. E. 2d 529 (1966). Both defendants in that litigation had been found in a prior adversary action to be proximately liable for an automobile collision. The North Carolina court held that, if the current plaintiff recovered against only one of the defendants, that defendant could recover contribution from the other on the basis of collateral estoppel.[2]

In the case at bar, it is settled that, had plaintiffs sued only

[2] Cf. Yellow Cab Co. of D. C. Inc. v. Janson, 86 App. D. C. 38, 179 F. 2d 54 (1949). But see Neenan v. Woodside Astoria Transp. Co. 261 N. Y. 159, 184 N. E. 744 (1933), wherein the court treated the two verdicts as simply inconsistent, applying each verdict in its own action. The specific issue raised at bar was not discussed, however.

the Sederstroms, collateral estoppel would have prevented the Sederstroms from seeking contribution from the Shimps on the question of liability for the collision. Radmacher v. Cardinal, *supra*; Shimp v. Sederstrom, *supra*. Similarly, had it been determined in an action between the drivers that the negligence of both contributed to the accident, a driver facing suit in a later action would be able to use estoppel by verdict to implead his cotortfeasor. Gorski v. Commercial Ins. Co. of Newark, 206 F. Supp. 11 (E. D. Wis. 1962) ; Sisk v. Perkins, 264 N. C. 43, 140 S. E. 2d 753 (1965).

It is true that application of estoppel by verdict at this stage in the proceedings will not prevent relitigation of any issues or prevent an inconsistent decision. Application of the doctrine will, however, prevent any question as to which of the two verdicts applies, should there be future actions arising out of the collision. We see no reason for carving out an exception to the application of estoppel by verdict due to the fortuitous order of these actions and the plaintiffs' desire to litigate the liabilities of both drivers. The liabilities of the drivers have been established between themselves in the prior action. As a result, the motion for an order granting defendants Shimp full indemnity was properly granted.

Affirmed.