EILEEN SPITZACK AND ANOTHER v.
IRV SCHUMACHER, d.b.a. IRV'S BAR.
DICK CAMPBELL AND ANOTHER,
THIRD-PARTY DEFENDANTS.

241 N. W. 2d 641

April 9, 1976—No. 45480.

144

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, James F. Roegge, Robert M. Frisbee, O. C. Adamson II, Cook & Dokken,* and *Stephen I. Dokken,* for appellant.

*Robert W. Gislason & Associates* and *Patrick M. Flynn,* for respondents.

Heard before Sheran, C. J., and Peterson, Todd, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

MacLAUGHLIN, JUSTICE.

Plaintiffs, wife and daughter of decedent, brought this suit against appellant under the Civil Damage Act, Minn. St. 340.95, alleging that appellant's illegal sale of liquor to decedent proximately caused decedent to be struck and killed by respondents' vehicle. Appellant's attempt to implead respondents for contribution was dismissed by the trial court on the ground that there was no common liability because in a previous action for wrongful death respondents had been found not liable to plaintiffs. This appeal followed, and we affirm.

On October 9, 1971, the decedent, Roger Gust Spitzack, was killed in a car-pedestrian accident when he was struck by a vehicle operated by respondent LuAnn Campbell and owned by respondent Dick Campbell. Plaintiff wife, Eileen Spitzack, as trustee, brought an action for death by wrongful act against respondents. Respondents attempted to implead appellant, Irv Schumacher, d.b.a. Irv's Bar, as a third-party defendant, alleging that appellant proximately caused decedent's death by illegally selling intoxicants to decedent. On appellant's motion, the trial court dismissed respondents' third-party action against appellant, and the matter proceeded to trial. The jury found decedent 95 percent causally negligent and respondents only 5 percent causally negligent. Accordingly, respondents were found not liable for damages for decedent's death.

Plaintiffs, decedent's wife and daughter, Janet Spitzack, then commenced the present action against appellant under the provisions of the Civil Damage Act. Appellant, in turn, sought to bring

a third-party action against respondents for contribution. The trial court dismissed the third-party action on the ground that there was no common liability because respondents had previously been found not liable for the death of decedent.

The issue on this appeal is whether a liquor vendor who is sued under the Civil Damage Act may obtain contribution from a motorist and car owner who have been found not liable for decedent's death in a previous action.

The doctrine of contribution is an equitable doctrine which requires that persons under a common burden share that burden equitably. "One who has paid more than his share is entitled to contribution from the other to reimburse him for the excess so paid * * *." Employers Mutual Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. 235 Minn. 304, 310, 50 N. W. 2d 689, 693 (1951). Accordingly, "[t]he very essence of the action of contribution is 'common liability.'" American Auto. Ins. Co. v. Molling, 239 Minn. 74, 76, 57 N. W. 2d 847, 849 (1953).

Common liability "is created at the instant the tort is committed." White v. Johnson, 272 Minn. 363, 371, 137 N. W. 2d 674, 679 (1965). Even though a joint tortfeasor may subsequently acquire a particular defense against an injured party, that tortfeasor may still be held liable to a cotortfeasor for contribution. Thus, an injured party's "execution of a covenant not to sue does not destroy the common liability necessary to a cause of action for contribution." Employers Mutual Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. 235 Minn. 304, 309, 50 N. W. 2d 689, 693. Similarly, neither an injured party's failure to bring an action against a tortfeasor within the statute of limitations (Gustafson v. Johnson, 235 Minn. 358, 364, 51 N. W. 2d 108, 112 [1952]) nor an injured party's failure to provide statutory notice of a claim against a municipality (White v. Johnson, *supra*) relieves a tortfeasor of his liability to a joint tortfeasor for contribution.

However, in all of these cases the defenses were procedural in nature and did not go to the merits of the case. The defenses of release, statute of limitations, and lack of statutory notice do

not deny liability, but rather avoid liability. Thus, the underlying common liability was never extinguished and a joint tortfeasor's right to contribution was allowed.

The issue in the instant case is different. Respondents' personal defense is not based on procedural defects which allowed them to escape liability. Instead, a jury found on the merits of the case that respondents were not as negligent as decedent and therefore were not liable for damages resulting from his death. Thus, at no time could plaintiffs have recovered against respondents, and thus no common liability could ever have existed.

Appellant contends that its right to contribution was determined in a proceeding in which it did not participate and that this violates the general rule of res judicata that—

"* * * parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversary parties in the original action." Kemerer v. State Farm Mutual Auto. Ins. Co. 201 Minn. 239, 241, 276 N. W. 228, 229 (1937).

The principle behind this rule is simply that a person should not be bound by a judgment except to the extent that he, or someone representing him, had an adequate opportunity not only to litigate the matters adjudicated but also to litigate them against the party who seeks to use the judgment against him.

However, we have long recognized that this principle does not extend to cases involving contribution. In American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 5 N. W. 2d 397 (1942), plaintiff sued two defendants in a personal injury action. The defendants were not adverse parties and thus did not litigate the question of liability between themselves. The plaintiff recovered against one defendant but not against the other defendant. The unsuccessful defendant, after paying the judgment, sued his codefendant for contribution. We dismissed the action, holding that (213 Minn. 127, 5 N. W. 2d 400)—

"* * * [w]here it has been adjudicated that there never was any responsibility of the defendant to the injured person, there

is absent that common liability which is the fundamental basis for contribution."

We further stated that (213 Minn. 127, 5 N. W. 2d 401)—

"* * * any expressions in any of our opinions which tend to support the theory that such a judgment is of no effect and that the unsuccessful defendant may relitigate the liability of the successful defendant to the injured person should be and are overruled."

In Bunge v. Yager, 236 Minn. 245, 252, 52 N. W. 2d 446, 450 (1952), we stated that—

"* * * an action for contribution rests upon a common liability of joint tortfeasors to an injured party and the payment of more than his share by one of the codefendants; and that when the nonliability of one of the codefendants is established in the original action there can be no right to contribution for the reason that there is no common liability." [1]

The Vigen rule is directly applicable to the facts of this case. The substance of the Vigen holding is that a valid judicial deter-

---

[1] In Radmacher v. Cardinal, 264 Minn. 72, 76, 117 N. W. 2d 738, 741 (1962), we said: "* * * The Vigen decision has been criticized because it foreclosed the trial of an issue which had never previously been litigated adversely by the parties to the contribution suit." Thus, the problem that could arise under the Vigen rule is that a "[p]laintiff may, either by conscious choice or inept prosecution, present a weak case against one defendant and a strong case against another, thereby fixing the rights between the codefendants without an opportunity for either to protect himself." Anderson v. Gabrielson, 267 Minn. 176, 180, 126 N. W. 2d 239, 242 (1964).

While the Vigen rule has been frequently criticized, its potentially harsh application has been effectively minimized by modern third-party practice. It is now possible for the diligent tortfeasor to litigate the issue of contribution contemporaneously with the main action by means of intervention, impleader, or cross-claim. See, also, Note, 49 Minn. L. Rev. 93, 160; Note, 37 Minn. L. Rev. 470; Note, 27 Minn. L. Rev. 519.

mination on the merits that a defendant never was liable to a plaintiff negates the element of common liability and thereby immunizes that defendant from any subsequent action for contribution arising out of the same facts. Furthermore, absent special circumstances, the fact that appellant was not a party in the original action is not sufficient to allow it to relitigate the issue of respondents' liability.

Contribution is an equitable doctrine subject to equitable application. While it is unfortunate in this case that appellant is foreclosed from litigating the issue of contribution by an action to which it was not a party, it would also be very unfair to force respondents to relitigate the issue of liability. Moreover, it is not clear that any meaningful purpose would be served by requiring a relitigation of respondents' liability. Appellant was not directly involved in the accident and thus is unlikely to add any new or unique facts in any relitigation, and in any case the jury's finding that decedent was 95 percent negligent strongly suggests that the result would be the same. Finally, appellant has not alleged or offered any evidence of collusion or any other special circumstances which would justify suspension of the Vigen rule in this case.[2]

Therefore, based upon all the facts of this case, we have concluded that since it has been adjudicated in the original action

---

[2] Appellant also argues that it is entitled to contribution since respondents have been found to be "5 percent liable." However, respondents were not found to be "5 percent liable," but were found to be 5 percent negligent and not liable at all. It is well established that it is joint *liability,* rather than joint or concurring *negligence,* which determines the right of contribution. Farren v. New Jersey Turnpike Authority, 31 N. J. Super. 356, 106 A. 2d 752 (1954); Lutz v. Boltz, 48 Del. 197, 100 A. 2d 647 (1953). See, generally, 18 Am. Jur. 2d, Contribution, § 47. See, also, Bjorklund v. Hantz, 296 Minn. 298, 302, 208 N. W. 2d 722, 724 (1973), in which we observed that "under the comparative negligence statute contribution between joint tortfeasors is no longer on a 50-50 basis but is apportioned in accordance with the degree of negligence attributable to each."

that respondents were never liable for damages arising from decedent's death, there is no common liability and hence no basis for contribution. The trial court's order dismissing appellant's third-party action for contribution is therefore affirmed.

Affirmed.

KELLY, JUSTICE (concurring specially).

While I agree with the opinion of the court, I would add two caveats. First, appellant in the instant case had full notice and opportunity to litigate the issue of respondents Campbell's liability in the first action, but elected not to defend in that action because of the dissimilarity between the Civil Damage Act and negligence causes of action. Cf. Beck v. Groe, 245 Minn. 28, 70 N. W. 2d 886 (1955). If either notice or opportunity to litigate had been denied appellant, I would have favored reversal because the element of common liability would have been conclusively decided against appellant in an action in which he *could* not have been heard.[1] Such a result would offend my notions of fairness, due process, and affording appropriate remedies for wrongs. Minn. Const. art. 1, § 8.

Second, I do not read the majority opinion as intimating continued approval of the element of common liability in future contribution cases. This element has been cogently criticized by commentators. See, e. g., Jensvold, *A Modern Approach to Loss Allocation Amoung Tortfeasors in Products Liability Cases,* 58 Minn. L. Rev. 723.

OTIS, JUSTICE (concurring specially).

I join in the concurring opinion of Mr. Justice Kelly.

---

[1] While Civil Damage Act and other actions arising out of the same injury are typically severed and tried separately, I find nothing in our law that would preclude a Civil Damage Act defendant from participating in the trial of the other action solely for the purpose of litigating his common liability.