WILLIAM CARLSON AND ANOTHER v.
YELLOW CAB COMPANY AND OTHERS.
RAUENHORST CORPORATION AND ANOTHER,
APPELLANTS.

242 N. W. 2d 86.

May 7, 1976.—No. 45560.

294

*Lommen & Cole* and *John P. Lommen,* for appellants.

*Larkin, Hoffman, Daly & Lindgren* and *Robert J. Hennessey,* for respondents.

Heard before Sheran, C.J., and Otis, Todd, MacLaughlin, and Scott, JJ., and reconsidered and decided by the court en banc.

SHERAN, CHIEF JUSTICE.

Appeal by Rauenhorst Corporation and Thomas MacMillan from a judgment which granted indemnity to Yellow Cab Company and Phil Flom on their cross-claim in an action brought by William and Nancy Carlson in which both Yellow Cab's driver, Flom, and Rauenhorst's driver, MacMillan, were found negligent.

The facts of this case are identical to those in Yellow Taxi Co. of Minneapolis v. MacMillan, 284 Minn. 531, 169 N. W. 2d 8 (1969). As the result of a multiple-car accident in 1966, Yellow Taxi (now Yellow Cab) sued Rauenhorst and its driver, MacMillan, for property damage to one of its cabs. Yellow Cab recovered, and the trial court's findings that the cab company's driver had been free of negligence and that the negligence of Rauenhorst's driver had proximately caused the accident were affirmed on appeal to this court. Yellow Taxi Co. of Minneapolis v. MacMillan, *supra.*

In 1971, the Carlsons sued both Yellow Cab and Flom and Rauenhorst and MacMillan for injuries suffered by Mrs. Carl-

son in the same accident. All defendants denied negligence, and the cab company and Flom cross-claimed for indemnity from Rauenhorst and MacMillan. Disposition of the cross-claim was reserved by stipulation until after the Carlsons' jury trial, which resulted in a special verdict finding Flom 75-percent negligent and MacMillan 25-percent negligent. The trial court concluded that the doctrine of estoppel by judgment precluded Rauenhorst and MacMillan from relitigating the issue of MacMillan's negligence, and judgment was accordingly entered in favor of Yellow Cab and Flom on their indemnity cross-claim. This appeal followed.

The issue is whether the judgment in the first action precludes relitigation of the issue of negligence as between Yellow Cab and Flom and Rauenhorst and MacMillan. We hold that it does.

In our opinion, this case is controlled by Shimp v. Sederstrom, 305 Minn. 267, 233 N. W. 2d 292 (1975), and Abraham v. Sederstrom, 305 Minn. 273, 233 N. W. 2d 296 (1975), two cases involving the same two-car accident. Prior to the commencement of both cases, an action was brought against the owner and driver of car A, who brought in the owner and driver of car B as third-party defendants. In that action judgment was entered against the owner and driver of car A upon a finding that the driver of car A was solely negligent. In Abraham, an action by passengers in car B brought against the owners and drivers of both cars A and B, a jury verdict was returned finding both drivers causally negligent. The owner and driver of car B moved for indemnification on the basis of the prior judgment, and this motion was granted by the trial court. In Shimp, which involved actions brought by a minor passenger and his father against the owner and driver of car A, the defendants filed third-party complaints against the driver of car B, who moved for their dismissal. The trial court granted that motion. On appeal, in both Abraham and Shimp, we affirmed on authority of Radmacher v. Cardinal, 264 Minn. 72, 117 N. W. 2d 738 (1962).

Here, the issue of negligence as between Rauenhorst and its

driver and Yellow Cab and its driver was tried and determined in Yellow Taxi Co. of Minneapolis v. MacMillan, *supra*. Yellow Cab's driver was found free of negligence, while the negligence of Rauenhorst's driver was found to be a direct and proximate cause of Yellow Cab's damages. Appellants' argument that the finding in the prior case with respect to the cabdriver's negligence was gratuitous and unnecessary is not persuasive. Appellants put this in issue by pleading contributory negligence as a defense. Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. 2d 540 (1966), stands for the proposition that an innocent employer may, in automobile negligence cases, recover damages from a negligent third party despite the negligence of his employee, but Weber did not hold that findings with respect to the employee's negligence are unnecessary or gratuitous. Just the opposite, in fact, is suggested by Shimp v. Sederstrom, *supra*, where contributory negligence was also pleaded as a defense and where the resolution of the issue of negligence in an earlier action precluded its relitigation between the same parties in that action. Therefore, the issue of negligence cannot properly be tried again in this case. Radmacher v. Cardinal, *supra*.

This court stated in Abraham v. Sederstrom (305 Minn. 273, 275, 233 N. W. 2d 296, 297):

"It is settled that the doctrine of estoppel by former verdict, or collateral estoppel, operates as conclusive evidence of those facts actually litigated in the first action. Radmacher v. Cardinal, 264 Minn. 72, 117 N. W. 2d 738 (1962). * * *

\* \* \* \* \*

"* * * Application of the doctrine will * * * prevent any question as to which of the two verdicts applies * * *. The liabilities of the drivers have been established between themselves in the prior action. As a result, the motion for an order granting defendants Shimp full indemnity was properly granted."

Because the facts of this case are indistinguishable from those

of Abraham v. Sederstrom, *supra,* the action of the trial court in granting the cross-claim for indemnity is affirmed.

Affirmed.