**Donald R. KOSKI, Trustee for the Heirs and Next of Kin of Marlene Ann Koski, Respondent,**

v.

**CHICAGO & NORTHWESTERN TRANS-PORTATION COMPANY, James Knudsen, Special Administrator of the Estate of Mary Lou Christensen, State of Minnesota, Respondents,**

Francis A. Christensen, Trustee for the Heirs and Next of Kin of Mary Lou Christensen, Applicant for Intervention, Appellant.

No. C4-85-2031.

Court of Appeals of Minnesota.

April 29, 1986.

Robert Stich, D. Scott Ballou, Lasley, Gaughan, Stich & Angell, P.A., Minneapolis, for Donald R. Koski.

Thomas E. Glennon, Lindquist & Vennum, Minneapolis, for Chicago & Northwestern Transp. Co.

Linc S. Deter, Thomas Albers & Associates, Bloomington, for James Knudsen.

Hubert H. Humphrey, III, Atty. Gen., Michael B. Miller, Sp. Asst. Atty. Gen., St. Paul, for State.

Alan R. Nettles, Carrie L. Hess, Meyer, Njus, Johnson & Nettles, Minneapolis,

James J. Renneke, Magsam, Harwig & Jude, Osseo, for Francis A. Christensen.

Heard, considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

LANSING, Judge.

This is a wrongful death action brought by Donald Koski. Francis Christensen seeks to intervene for the purpose of maintaining a separate wrongful death action arising out of the same accident against some of the defendants in this action. The trial court denied the intervention. We affirm.

## FACTS

On December 12, 1983, Marlene Koski and Mary Lou Christensen were killed when the car they were riding in was struck by a train owned and operated by the Chicago & Northwestern Transportation Company. Mary Lou Christensen was driving the car.

Donald Koski brought a wrongful death action under Minn.Stat. § 573.02 (1984) in January 1985 against the railroad, the State of Minnesota, and the estate of Mary Lou Christensen. James Knudsen, an employee in the office of counsel of the estate's insurer, was named special administrator of Christensen's estate for purposes of this action. The estate denied liability and cross-claimed for indemnification or contribution from the State and the railroad.

On June 27, 1985, Francis Christensen, as trustee for the heirs and next of kin of Mary Lou Christensen, served notice of intervention on all parties, seeking to assert an action for wrongful death against the State and the railroad.

Koski objected to the intervention. Christensen then moved for leave to intervene pursuant to Minn.R.Civ.P. 24.01 and 24.02. The trial court denied the motion under both rules on August 26, 1985. Christensen moved the trial court to "re-consider" and vacate its prior order denying intervention. On October 4, 1985, the trial court denied Christensen's motion to vacate the August 26 order. Christensen appeals from the October 4 order.

## ISSUES

1. Is this appeal taken from an appealable order?

2. Did the trial court err in refusing to permit intervention as of right to Christensen?

## ANALYSIS

### I

■ An order denying a motion to vacate an appealable order is not appealable as of right. *Leroy v. Figure Skating Club of Minneapolis*, 281 Minn. 576, 162 N.W.2d 248 (1968); *City of Chaska v. Chaska Township*, 271 Minn. 139, 135 N.W.2d 195 (1965). Because an order denying a motion to intervene as of right under Minn.R. Civ.P. 24.01 is appealable, *Norman v. Refsland*, 383 N.W.2d 673 (Minn. March 21, 1986), the trial court's August 26 order was appealable. The trial court's October 4 order simply denied Christensen's motion to vacate the prior appealable order. The October 4 order is therefore not appealable.

■ None of the respondents, however, served Christensen with notice of filing of the August 26 order. *See* Minn.R.Civ. App.P. 104.01. Therefore, the period in which to appeal the order has not expired. *See O'Brien v. Wendt*, 295 N.W.2d 367 (Minn.1980) (appeal of six-month-old order was timely where adverse party failed to serve notice of filing of order). We grant discretionary review under Minn.R.Civ. App.P. 105.01 because of the stage of the proceeding and judicial economy. Dismissing the appeal would only require Christensen to file a proper appeal from the August 26 order. However, we review only that

part of the order denying intervention as of right under Minn.R.Civ.P. 24.01.[1]

## II

Rule 24.01 provides for intervention as of right:

Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Christensen claims an interest in the subject of this action apparently because the same accident also generated a cause of action for him. Christensen argues that the determination of fault adjudicated in this action will bind him and potentially impair prosecution of his cause.[2]

Initially, we question whether Christensen possesses an "interest" in this action. He is not potentially liable for any damages awarded, *see Avery v. Campbell,* 279 Minn. 383, 157 N.W.2d 42 (1968); he has no claim to any of the damages which Koski may be awarded, *compare Norman v. Refsland, supra* (employer possessed subrogation right in employee's tort recovery for workers' compensation benefits paid); *Miller v. Astleford Equipment Co.,* 332 N.W.2d 653 (Minn.1983) (insured possessed subrogation rights for no-fault benefits paid); nor will any action be taken, or fail to be taken, by any party as a result of this litigation which will affect him, *see Costley v. Caromin House,* 313 N.W.2d 21 (Minn.1981). He is concerned solely with how resolution of this action may affect his cause of action.

■ For a party to be estopped as to any issue determined in prior litigation, the estopped party must have been a party or in privity with a party to the prior adjudication. *Cook v. Connolly,* 366 N.W.2d 287, 290 n. 2 (Minn.1985); *County of Ramsey v. Stevens,* 283 N.W.2d 918, 924 (Minn.1979).

■ It does not appear that Christensen and the special administrator to the estate are either identical parties or in privity with each other. The special administrator is represented by counsel for the estate's insurer. The estate was represented to be assetless at oral argument, and the record supports this statement. Therefore, the estate's insurer, not Christensen, will be liable under its policy for any damages awarded to Koski. Under these circumstances, Christensen and the special administrator cannot be identical parties or privies. Unless Christensen subsequently demonstrates a "controlling participation" and "active self interest" in this action, *see County of Ramsey,* 283 N.W.2d at 924, he will not be bound by the allocation of fault determined here. *See also Edmundson v. Miley Trailer Co.,* 252 N.W.2d 415 (Iowa 1977) (envisioned applicability of collateral estoppel to subsequent action did not constitute sufficient interest to permit intervention in ongoing action).

The usual practice would be to begin a separate action and then move for consolidation of the actions under Minn.R.Civ.P. 42.01. *See Price v. Amdal,* 256 N.W.2d

---

1. An order denying permissive intervention under Minn.R.Civ.P. 24.02 is not appealable of right. *Norman,* 383 N.W.2d at 675 (citing *Engelrup v. Potter,* 302 Minn. 157, 159, 224 N.W.2d 484, 485–86 (1974)). Because we hold that this is not a proper case for intervention, *see infra,* we decline to grant discretionary review to that part of the order denying permissive intervention.

2. Christensen bases his conclusion that he will be bound on *Carlson v. Yellow Cab,* 308 Minn. 293, 242 N.W.2d 86 (1976), and *Spitzack v. Schumacher,* 308 Minn. 143, 241 N.W.2d 641

(1976). *Carlson* merely holds that once a party's fault has been determined in an action, *that party* is bound by the determination in any subsequent action. *Spitzack* holds that contribution in a tort action will not lie if the asserted joint tortfeasor was found not liable for the injured party's damages in a prior action. This rule applies even if the party seeking contribution had no notice of the prior action. *See Hart v. Cessna Aircraft Co.,* 276 N.W.2d 166 (Minn. 1979). None of these cases support Christensen's claim that he will be bound by the fault determination in this action.

461, 469 (Minn.1977). Christensen may still avail himself of this procedure.

### DECISION

Christensen is not entitled to intervene as of right in this action.

Affirmed.

