RICHARD OURADA, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF RICK OURADA,
A MINOR, v. DICK KNAHMUHS.
VICKI OURADA, THIRD-PARTY DEFENDANT.

221 N. W. 2d 659.

September 6, 1974—No. 44530.

132

*Kelly & O'Leary* and *J. Brian O'Leary,* for appellant.
*Molter & Runchey* and *Robert C. Runchey,* for respondent.

PER CURIAM.

This is a personal injury action brought by a father, individually and as parent and natural guardian, to recover damages for injuries which his child suffered in a fall from an improperly maintained stairway in the house which the parents rent from defendant. Defendant denied negligence and filed a cross-claim against the child's father claiming that his negligence directly caused or contributed to the child's injuries. Defendant also interposed a third-party complaint for contribution or indemnity against the child's mother claiming that she had custody and control of the child at the time of the accident. The jury found defendant 70 percent negligent, the father 30 percent negligent, and the mother free of negligence. The trial court ordered judgment for the child against defendant in the amount of $2,000, for the father against defendant in the amount of $280 (arrived at by deducting 30 percent from the $400 award), and for defendant against the father in the amount of $600 (30 percent of the $2,000 award). The court dismissed the third-party complaint against the mother.

Plaintiff father contends on his appeal from the order denying his post-trial motion for dismissal of the cross-claim that the trial court erred in holding him liable for 30 percent of the $2,000 award, claiming that the doctrine of intra-family immunity, although partially abrogated, bars this. Defendant contends on his appeal that the trial court erred in denying his motion for judgment notwithstanding the verdict.

Without summarizing the evidence, it is sufficient to say that the jury's finding that plaintiff father was 30 percent negligent and defendant 70 percent negligent was supported by the evidence. Therefore, the trial court properly denied defendant's post-trial motion. However, we believe that the trial court erred in denying plaintiff-father's motion for dismissal of the cross-claim, because the doctrine of parent-child immunity, although partially abrogated, still applies where, as here, "the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." Silesky v. Kelman, 281 Minn. 431, 442, 161 N. W. 2d 631, 638 (1968). Since the father's negligent act involved an exercise of ordinary parental discretion with respect to housing, the father is not liable for any injury to his son resulting from that negligence.

Affirmed as to order denying defendant's motion for judgment notwithstanding the verdict, reversed as to order denying plaintiff's motion for dismissal of cross-claim.