Bernice ASCHEMAN and Sandra K. Ascheman, a Minor, by Bernice Ascheman, Her Mother and Natural Guardian, Respondent,

v.

VILLAGE OF HANCOCK, defendant and third party plaintiff, Appellant,

v.

Floyd E. ASCHEMAN, third party defendant.

No. 46918.

Supreme Court of Minnesota.

May 20, 1977.

---

Clarance E. Hagglund and Joel M. Muscoplat, Minneapolis, for respondent.

TODD, Justice.

The village of Hancock appeals from the dismissal of its third-party complaint against Floyd Ascheman for contribution. We affirm.

Floyd Ascheman (Floyd) consumed intoxicating beverages at a municipal bar in the village of Hancock. Shortly after Floyd departed from the bar he suffered injuries when the automobile he was operating was involved in a one-car accident. Floyd's wife and daughter commenced an action against the village of Hancock asking to recover damages for the loss of their means of support under the Civil Damage Act, Minn.St. 340.95. In support of their complaint, it is alleged that the municipal bar continued to serve Floyd liquor despite the fact that he was obviously intoxicated. The village of Hancock thereafter initiated third-party proceedings seeking contribution from Floyd on the grounds that any damages incurred by the plaintiffs were caused jointly by Floyd and the village.

At a pretrial hearing the trial court granted Floyd's motion for summary judgment dismissing the third-party action. No memorandum accompanied the order. The village appeals from the order dismissing its third-party complaint and presents two issues for this court to consider:

(1) Whether common liability exists between a liquor vendor and vendee in an action brought by the vendee's family pursuant to Minn.St. 340.95 for loss of their means of support; and

(2) Whether the requirement of common liability between joint tortfeasors as a prerequisite to maintaining an action for contribution should be relaxed to allow contribution between a liquor vendor and vendee even though the vendee's family could not bring a direct action in negligence against him for the loss of their means of support.

Arthur, Chapman & Michaelson, Minneapolis, for appellant.

1. It is contended that common liability exists between the village and Floyd. The village premises this contention upon the assumption that Floyd breached his duty to support his family as a result of injuries he sustained while negligently operating a motor vehicle in an inebriated condition.

■ It is the rule in Minnesota that a husband is legally responsible for the support of his wife while they are married. See, *Meagher v. Hennepin County Welfare Board*, 300 Minn. 446, 221 N.W.2d 140 (1974). This court has also stated, in the context of divorce proceedings, that a father has the primary responsibility for the support of his minor children. See, *Smith v. Smith*, 282 Minn. 190, 163 N.W.2d 852 (1968). However, each of these cases which recognized a duty of support relied upon a statute which specifically provided for the obligation.

The underlying premise of the village's contention that common liability exists in this case is that Floyd's wife and daughter could bring a direct action against him for damages because his negligent conduct operated to diminish their means of support. Thus, if the village's argument is accepted, Floyd's liability to his family would lie in negligence rather than a violation of a statutory duty of support. We are unaware of any decisions which recognize such a direct action in negligence for loss of a family's means of support.

■ The village cites several recent decisions by this court which modified the defenses of the intrafamilial immunities in tort in support of its proposition that a direct action does exist in favor of a family against the father-husband for loss of support. While the absolute defenses of interspousal [1] and child-parent [2] immunity have been largely abrogated in this state, a parent nevertheless remains immune from suit by his child when the alleged negligent act involves an exercise of ordinary parental discretion involving the provision of food, clothing, and other necessities. *Ourada v.*

*Knahmuhs*, 301 Minn. 131, 221 N.W.2d 659 (1974).

■ It should also be noted that the judicial abrogation of the intrafamilial immunity defenses did not create a new cause of action or a new tort but merely abolished the use of a particular defense to a preexisting tort claim. *Plain v. Plain*, Minn., 240 N.W.2d 330 (1976). A determination of whether common liability exists is to be made at the instant the tort is committed. *Spitzack v. Schumacher*, Minn., 241 N.W.2d 641 (1976); *Milbank Mut. Ins. Co. v. Village of Rose Creek*, 302 Minn. 282, 225 N.W.2d 6 (1974). This is precisely the requirement which has not been satisfied in the present case. Since Floyd's wife and daughter could never bring a direct action against him in negligence for the loss of their means of support, common liability does not exist between Floyd and the village. Thus, we conclude that the action of the trial court in dismissing the third-party complaint was proper insofar as the dismissal was based upon an absence of common liability.

■ 2. As its second argument, the village urges this court to relax the requirement of common liability to allow contribution between a liquor vendor and vendee even though the plaintiffs are members of the vendee's family. The village refers to the concurring opinion in our recent decision in *Spitzack v. Schumacher*, Minn., 241 N.W.2d 641, 645 (1976), where the writer, with one concurring justice, stated:

"* * * I do not read the majority opinion as intimating continued approval of the element of common liability in future contribution cases."

However, a majority of our court subscribed to the view that common liability was a necessary prerequisite to contribution among joint tortfeasors. We decline to abolish the requirement of common liability in situations where the liability of the party

1. *Beaudett v. Frana*, 285 Minn. 366, 173 N.W.2d 416 (1969).

2. *Silesky v. Kelman*, 281 Minn. 431, 161 N.W.2d 631 (1968).

seeking contribution is founded upon an alleged violation of the Civil Damage Act.

In adopting this position, we have given due consideration to the legislative purpose behind the adoption of the Civil Damage Act. The Civil Damage Act has been characterized as both penal and remedial in nature, its intent being to suppress the illegal furnishing of liquor and to provide a remedy. *Ross v. Ross,* 294 Minn. 115, 200 N.W.2d 149 (1972).

The village contends that a failure to relax the rule of common liability in this and other similar factual situations creates a grave injustice. This inequity is readily apparent, argues the village, when one considers that Floyd, as a member of the Ascheman household, will share in the proceeds of any award to his family. The village's argument continues by stating that it is inequitable to assess 100 percent of any damage award for loss of support against the liquor vendor merely because of the fortuity that the vendee and plaintiffs are in the same family. However, the reverse of the village's position is that to allow contribution from the husband-vendee would diminish his ability to support his wife and family and thereby frustrate the remedial purpose of the Civil Damage Act. *Ross v. Ross, supra.*

Given the class of persons to be protected by the act and its legislative purpose, as well as the social impact on the family of the injured party if contribution is allowed, we decline to overrule or limit our previous decisions to permit contribution in this case.

Affirmed.