William J. CONDE, Brian T. Conde, Minors, by Elaine M. Conde, their mother and natural guardian and Elaine M. Conde, individually, Respondents,

v.

The CITY OF SPRING LAKE PARK, Minnesota, defendant and third party plaintiff, Appellant (49983)-Respondent (50741).

KRAUS–HARTIG POST NO. 6587, VETERANS OF FOREIGN WARS, defendant and third party plaintiff, Respondent (49983)-Appellant (50741),

v.

John M. CONDE, third party defendant, Respondent.

Nos. 49983, 50741.

Supreme Court of Minnesota.

Jan. 11, 1980.

Foster, Waldeck, Lind & Humphrey and Thomas A. Foster, Minneapolis, for City of Spring Lake Park.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan and James F. Roegge, Minneapolis, for Kraus-Hartig.

Chadwick, Johnson & Bridell and Richard J. Chadwick, Minneapolis, for John M. Conde.

Meyer, Hiniker & Fleming, White Bear Lake, for William Conde, et al.

Heard before OTIS, TODD, and YETKA, JJ., and considered and decided by the court en banc.

YETKA, Justice.

The wife and children of John M. Conde brought an action under the Civil Damages (dram shop) Act, Minn.Stat. § 340.95 (1978), after Conde allegedly became intoxicated and was struck by an automobile while walking. The two defendants, both liquor vendors, brought third-party complaints against John M. Conde for contribution. The third-party defendant answered by denying liability and moved for judgment on the pleadings or summary judgment.

The Tenth Judicial District Court granted the motion and dismissed the third-party complaints. The third-party plaintiffs appealed the entry of summary judgment against them. We affirm.

The only question in this case is whether a liquor vendor who is a defendant in an action brought under the Civil Damages Act may be allowed to seek contribution from the allegedly intoxicated person. The key question involved in this case therefore is whether we ought to reverse our decision in *Ascheman v. Village of Hancock,* 254 N.W.2d 382 (Minn.1977).

In *Ascheman v. Village of Hancock,* this court held that liquor vendors could not seek contribution from the allegedly intoxicated person. The decision not to allow contribution rested on two principal grounds: That there is no common liability between the vendor and the intoxicated person to the plaintiff and that to allow contribution in such a manner would thwart the purposes of the statute.

The appellants here claim that recent developments in the law of contribution and comparative fault call the first aspect of that decision into question. First they argue that the legislature has now provided in section 340.95 that Minn.Stat. § 604.01 (1978) be applied to actions brought under the Civil Damages Act. However, that same statute specifies that section 604.01 "shall not be applicable to actions brought by a husband, wife, child, parent, guardian or other dependent of an intoxicated person." Thus, section 604.01 only applies to actions brought by an employer or other nondependent person under section 340.95 and so does not apply in this case.[1]

Secondly appellants argue that our decisions in *Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679 (1977), and *Hart v. Cessna Aircraft Co.,* 276 N.W.2d 166 (Minn.1979), compel us to take a second look at *Ascheman.*

However, *Lambertson* did not abolish the requirement that the party from whom contribution is sought be liable to the original plaintiff. In that case, we said:

> While there is no common liability to the employee *in tort,* both the employer and the third party are nonetheless liable to the employee for his injuries; the employer through the fixed no-fault workers' compensation system and the third party through the variable recovery available in a common law tort action.

312 Minn. at 128, 257 N.W.2d at 688 (emphasis in original). The above language cited from *Lambertson,* together with the following language from *Hart,* make it clear that common liability was not abolished. In *Hart* the court stated:

> Cessna contends, however, that recent decisions of this court have eliminated common liability as a prerequisite for contribution. Although we are aware that the requirement of common liability has been criticized, we have not eliminated it. * * * Although we have modified the requirement where necessary to achieve an equitable result, see, *Lambertson v. Cincinnati Corp.,* Minn. [312 Minn. 114], 257 N.W.2d 679 (1977); but see, *Ascheman v. Village of Hancock,* 254 N.W.2d 382 (Minn.1977), elimination or modification of the requirement of common liability would be inappropriate in this case where a jury found that Vogt

---

1. The vendors argue that the language of that amendment to § 340.95 is not applicable since they seek to apply § 604.01 to the third-party action and not to the action brought by the family. That argument is disingenuous because it is the very application of § 604.01 which would allow the third-party action at all and because the third-party action would still be part of the main action.

[the third-party defendant] was not negligent [in a prior action].

276 N.W.2d at 168–69. To prevent an unjust result, the court allowed Cessna's liability to be limited to its negligence with the third-party defendant's negligence taken into account. However, the court did not allow any contribution since the third-party defendant had been held not liable to the original plaintiff. Since the father in this case is not liable to his wife or family for injuring himself or for injuries to himself caused by a third party, there is no common liability and no contribution can be had by the vendors.

The second basis of the holding in *Ascheman* was the purposes of the Civil Damages Act. The act has been described as being both penal and remedial in character. It is designed to penalize the illegal sale of liquor and to provide a remedy to those damaged by the illegal sale. *Ascheman v. Village of Hancock,* 254 N.W.2d at 385; *Ross v. Ross,* 294 Minn. 115, 200 N.W.2d 149 (1972).

Imposing liability on the vendors and not allowing contribution from the intoxicated person acts as an incentive to the vendors to avoid illegal sales. *Skaja v. Andrews Hotel Co.,* 281 Minn. 417, 161 N.W.2d 657 (1968). It also reflects the legislative judgment that the vendors can best bear the loss. *Dahl v. Northwestern National Bank of Minneapolis,* 265 Minn. 216, 121 N.W.2d 321 (1963).

As the court noted in *Ascheman,* allowing contribution from the intoxicated person would thwart these purposes and would diminish the ability of the intoxicated person to support his or her family. The argument that the intoxicated person might insure against this liability so that support would not be reduced might obviate the last aspect but would not affect the other considerations.[2] As shown above, the decision not to allow contribution here is reinforced by the legislature's specific direction that com-

parative fault not be applied in this situation.

Accordingly, the decision in *Ascheman* is sound and will be followed. No new developments in the area of contribution or comparative fault require a different holding and the trial court is affirmed.

---

2. The vendors argue that as in interspousal or intrafamily cases, no third-party action would be brought unless the third-party defendant is insured. However, it cannot be assumed that vendors would not seek assets of an uninsured person, and such a person would have to bear the expense of defending himself.