Mary Linda PAUTZ, natural mother and guardian of Melanie Elizabeth Pautz, a minor child, et al., Respondents,

v.

CAL–ROS, INC., et al., Appellants,

v.

Dennis A. PAUTZ, Respondent.

No. CX–82–544.

Supreme Court of Minnesota.

Nov. 23, 1983.

Timothy W. Waldeck and Rolf E. Sonnesyn, Foster, Waldeck, Lind & Humphrey, Ltd., Minneapolis, for appellants.

Steven A. Nelson, International Falls, for respondents Mary Linda and Melanie Pautz.

Steven M. Shermoen, Shermoen & Shermoen, International Falls, for respondent Dennis Pautz.

COYNE, Justice.

Defendants, a liquor vendor and its owners, appeal from an order for summary judgment of the district court dismissing the vendor's third-party action for contribution against the allegedly negligent and intoxicated person. Contribution was denied because the allegedly intoxicated person

was the husband and father of the plaintiffs in the main action, who were suing for their own injuries. We grant discretionary review and reverse.

The plaintiffs, Mary Pautz and her daughter Melanie Pautz, sustained personal injuries from a fire in their home on October 22, 1977. Respondent Dennis Pautz (hereinafter "Pautz"), husband and father of plaintiffs, respectively, allegedly set the fire by improperly operating a heater in their home while he was intoxicated. The plaintiffs sued defendants, Cal-Ros, Inc., and others, for damages under the Civil Damages Act, Minn.Stat. § 340.95 alleging that a bar owned and operated by Cal-Ros served Pautz liquor when he was obviously intoxicated and that his intoxication was a cause of the fire.

Cal-Ros brought a third-party action against Pautz seeking contribution, and Pautz moved for summary judgment dismissing the third-party action. The district court ordered summary judgment in favor of Pautz, dismissing the third-party action 'on the ground that contribution in this case would be inconsistent with the purposes of the Civil Damage Act. Cal-Ros appeals from this order, claiming that since common liability exists, contribution is available.

Since 1966 Minnesota has recognized the availability of contribution in actions involving liability imposed pursuant to the Civil Damage Act, Minn.Stat. § 340.95 (1982). As we pointed out in *Farmers Insurance Exchange v. Village of Hewitt*, 274 Minn. 246, 249, 143 N.W.2d 230, 233 (1966), "Contribution rests on common liability, not on joint negligence or joint tort. Common liability exists when two or more actors are liable to an injured party for the same damages, even though their liability may rest on different grounds." Hence, although the liability of an intoxicated driver for damages sustained by third persons injured in an automobile accident rested on negligence and the liability of the vendors who illegally sold intoxicating liquor to the driver rested on the Civil Damage Act, the driver's insurer was permitted contribution from the vendors of aliquot shares of the

amount paid in settlement of the injured persons' claims. *Ibid.* Subsequently, we held that a vendor liable pursuant to the Civil Damage Act was entitled to contribution from another liable vendor. *Skaja v. Andrews Hotel Co.*, 281 Minn. 417, 161 N.W.2d 657 (1968). A mere violation of the statutes governing the sale of intoxicating liquor does not preclude the recovery of contribution since proof of an illegal sale is not in itself sufficient to support a reasonable inference that the violator committed an intentional wrong.

 Inasmuch as interspousal immunity and parent-child immunity, once an absolute defense to tort liability, have been abolished in Minnesota, *Beaudette v. Frana*, 285 Minn. 366, 173 N.W.2d 416 (1969); *Silesky v. Kelman*, 281 Minn. 431, 161 N.W.2d 631 (1968); and *Anderson v. Stream*, 295 N.W.2d 595 (Minn.1980), it is apparent that if the appellant vendor is liable to these plaintiffs, so also is the respondent husband/father whom the plaintiffs allege was intoxicated. *Farmers Insurance Exchange v. Village of Hewitt, supra.* The respondent, who is commonly liable with the appellant vendor for the same damages, is, therefore, liable to the vendor for contribution. *Id.* Each wrongdoer must share equitably their common burden. Nor does the plaintiffs' election to sue only the vendor deprive the vendor of its right to contribution from the intoxicated wrongdoer. Common liability is created at the instant the tort is committed whether or not the injured person chooses to assert his claim. *Hammerschmidt v. Moore*, 274 N.W.2d 79 (1978).

The respondent contends, however, that a vendor of intoxicating liquor is barred by our decisions in *Ascheman v. Village of Hancock*, 254 N.W.2d 382 (Minn.1977), and *Conde v. City of Spring Lake Park*, 290 N.W.2d 164 (Minn.1980), and also by the terms of the Civil Damage Act from seeking contribution from an allegedly intoxicated person.

In *Ascheman v. Village of Hancock, supra*, and *Conde v. City of Spring Lake Park, supra*, we denied the liquor vendor a right

of contribution against an intoxicated person whose injuries provided the basis for an action pursuant to the Civil Damage Act. In both cases the plaintiffs were members of the intoxicated person's family who were suing for loss of their means of support, and the language of the two cases must be understood in that context.

*Ascheman* and *Conde* held that since the intoxicated person could not be liable to his family for injuring himself, the common liability between the liquor vendor and the intoxicated person was lacking.[1] We declined, as we had earlier in *Spitzack v. Schumacher,* 308 Minn. 143, 241 N.W.2d 641 (1976), to relax the requirement of common liability in order to permit contribution where the liability of the party seeking contribution is based on the Civil Damage Act. *Ascheman* and *Conde* went on, however, in language that might be characterized as either dictum or an alternative holding, to offer two further reasons for denying contribution in those cases: (1) to allow contribution further diminishes the intoxicated person's already diminished ability to support his or her family; and (2) the penal characteristic of the Civil Damage Act is served by declining to dilute the liquor vendor's liability for the support lost by the family.

To allow the liquor vendor contribution from the intoxicated person when that person's family is suing for loss of support would defeat the very purpose of the action. It makes no sense to create a remedy to compensate a family for support lost by reason of injury to the breadwinner and then to reduce that compensation because the breadwinner was at fault. But the sensible policy of denying contribution in that instance has little application when family members are suing, like any other plaintiff, for injury to their own person. Nor do *Ascheman* and *Conde* address directly this entirely different situation.

*Ascheman* and *Conde* also mention that contribution should be denied because the Civil Damage Act is, in part, penal in nature and that when liquor causes harm, the vendor should pay the price of that harm. This means nothing more, however, than that the Act provides a remedy against the liquor vendor where none existed at common law and that certain defenses—such as lack of guilty knowledge—are unavailable. *See Adamson v. Dougherty,* 248 Minn. 535, 81 N.W.2d 110 (1957). It is also true that the negligence of the intoxicated person is no defense; the intoxicated person's negligence affords no excuse to the liquor vendor but, to the contrary, provides the causal connection between the vendor's sale and the plaintiff's injury required to impose liability on the vendor. Allowing contribution to the liquor vendor does not disturb these "penal" characteristics of the Act. And when the intoxicated person injures nobody but himself, the Civil Damage Act even makes the liquor vendor liable to the intoxicated person's spouse and other dependents for their loss of means of support—regardless whether or not the intoxicated person was negligent. The loss of means of support action is itself another penal aspect of dramshop liability, and *Ascheman* and *Conde,* recognizing that this is so, state that even if family members could sue the intoxicated person for loss of means of support, contribution would not be allowed.

It is, however, one thing to recognize the legislative purposes of the Civil Damage Act—to penalize the illegal sale of liquor and to provide a remedy to those damaged

1. Although intrafamilial immunities had been, in the main, abrogated, at the time *Ascheman* and *Conde* were decided, we continued to recognize parental immunity from suit when the alleged negligent act involved an exercise of ordinary parental discretion with respect to the provision of food, clothing, and other necessities. Subsequently, the parental immunity exceptions retained in *Silesky v. Kelman,* 281 Minn. 431, 161 N.W.2d 631 (1968), were also abolished. *Anderson v. Stream,* 295 N.W.2d 595 (Minn.1980). Nevertheless, we are aware of no authority to support a cause of action against a spouse or parent who is unable to provide support because he has negligently injured himself. The judicial abrogation of intrafamilial immunities simply abolished the use of a particular defense to an existing tort claim. It did not create either a new cause of action or a new tort. *Plain v. Plain,* 307 Minn. 399, 240 N.W.2d 330 (1976).

by the illegal sale—and to refuse to subvert those purposes by overruling or limiting an unbroken line of authority to permit contribution in the absence of common liability. It is quite something else to deny contribution where there *is* common liability on the basis only of the penal characteristics of the Civil Damage Act and in derogation of our previous decisions permitting contribution. When the person injured is not the intoxicated person but someone else, whether or not a relative of the intoxicated person, the equities favoring contribution outweigh the need to punish the liquor vendor. Of course, the intoxicated person's fault cannot be used in a dramshop action to dilute the vendor's liability; neither can the contributory fault of the injured spouse or child of the intoxicated person. Nevertheless, as long as the injured person may sue the intoxicated person in a separate or companion action, and the intoxicated person may obtain contribution from the vendor, it is only reasonable to do away with the procedural niceties of who sues whom first, try all the issues in one trial, and allow the vendor, as well as the intoxicated person, contribution in cases where the plaintiff is suing for his or her own injuries.

Contribution is by its very nature reciprocal; each party must bear a share of the loss for which all are liable. Although these plaintiffs have elected to sue the vendor alone, there can be little doubt that some persons injured as a result of the conduct of an intoxicated relative may have compelling reason to sue a wrongdoing family member either alone or together with the liquor vendor. We have recognized the right of the intoxicated person to recover contribution from the vendor, *Farmers Insurance Exchange v. Village of Hewitt, supra,* although we have denied the existence of a right to indemnity. *Empire*

*Fire & Marine Insurance Co. v. Williams,* 265 Minn. 333, 121 N.W.2d 580 (1963). *See also, Randall v. Village of Excelsior,* 258 Minn. 81, 103 N.W.2d 131 (1960). To deny the vendor a reciprocal right of contribution, absent evidence of a willful violation of statute, would be a repudiation of the essential principle of contribution.

■ The respondent also contends that, notwithstanding the existence of common liability and the general availability of contribution, the Civil Damage Act itself precludes contribution in an action brought by members of the intoxicated person's family. We cannot agree.

Traditionally, contributory negligence was not a defense to liability imposed pursuant to the Civil Damage Act. *Kvanli v. Village of Watson,* 272 Minn. 481, 485, 139 N.W.2d 275, 278 (1965); *Beck v. Groe,* 245 Minn. 28, 35, 70 N.W.2d 886, 892 (1955). But, *see Heveron v. Village of Belgrade,* 288 Minn. 395, 181 N.W.2d 692 (1970) (complicity a defense even though plaintiff ignorant of companion's minority); *Turk v. Long Branch Saloon, Inc.,* 280 Minn. 438, 159 N.W.2d 903 (1968) (complicity a defense). When, in 1969, Minnesota modified the common law doctrine of contributory negligence and its long established acceptance of equal contribution by adoption of a statutory scheme of comparative negligence—proportionate contribution, Minn. Stat. § 604.01 (1969)—actions pursuant to the Civil Damage Act were unaffected: Contributory negligence was not a defense, and wrongdoers contributed aliquot shares of the damages for which they were commonly liable. Effective July 1, 1977, § 340.95 [2] was amended to provide that actions for damages based upon liability imposed by the Civil Damage Act should be governed by § 604.01, the comparative neg-

---

2. Minn.Stat. § 340.95 states, in relevant part:

Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling or bartering intoxicating liquors, caused the intoxication of such per-

son, for all damages, sustained * * *. Actions for damages based upon liability imposed by this section shall be governed by section 604.01. The provisions of section 604.01, as applied under this section, however shall not be applicable to actions brought by a husband, wife, child, parent, guardian or other dependent of an intoxicated person. * * *

ligence-proportionate contribution statute. That amendment, however, also specified that § 604.01 should not be applicable to actions brought by a spouse, child, or other dependent of an intoxicated person, thereby preserving the existing law with respect to such actions. Accordingly, at the time of the events giving rise to this action, the damages allowed an injured party who was unrelated to the intoxicated person were subject to proportionate reduction or disallowance by reason of the claimant's negligence, and the wrongdoers, the intoxicated person and the liquor vendor or vendors, were entitled, to the extent of their common liability, to proportionate contribution.[3] If, however, a spouse or child or other dependent sustained bodily injury as a result of the negligence of an intoxicated member of the family, the damages for which the liquor vendor is liable are *not* subject to reduction by reason of the claimant's negligence, even though the damages for which the intoxicated relative is liable *are* subject to such reduction, and, to the extent of their common liability, the vendor and the intoxicated relative are entitled to aliquot contribution. Thus, if the plaintiff were found 10% negligent, the intoxicated person 60% negligent, and the liquor vendor 30% negligent, the liquor vendor would be solely liable with respect to 10% of the damages allowed, the vendor and the intoxicated person would be jointly and severally liable with respect to 90% of the damages allowed, and the vendor and the intoxicated

person would each be entitled to contribution of an aliquot share of the damages for which they are commonly liable or 45% of the total damages allowed.

Moreover, the subsequent history of §§ 604.01 and 340.95 confirm the accuracy of this conclusion. Effective April 15, 1978, the comparative negligence statute became the comparative fault statute. Minn.Stat. § 604.01 (1978). The provision for the apportionment of damages among tortfeasors was deleted from § 604.01 and became a separate section, Minn.Stat. § 604.02 (1978). The most recent amendment of § 340.95, however, enumerated the types of actions brought by members of the intoxicated person's family to which § 604.01, comparative fault, is inapplicable but did not incorporate any reference to the applicability of § 604.-02, proportionate contribution, in actions brought pursuant to § 340.95, whether by relatives or non-relatives of the intoxicated person.[4] Thus, although we are constrained to hold aliquot contribution applicable in the present case, we are free to apply proportionate contribution in any action pursuant to the Civil Damage Act which occurs on or after April 15, 1978.

Reversed and remanded.

TODD, Justice (dissenting).

I respectfully dissent from the majority opinion in this case for two reasons. The first is based on a construction of the Civil Damages Act, Minnesota Statutes section

---

3. It may be observed that although the liquor vendor's liability is technically based not on negligence but on statutory violation, the legislative intent can be effectuated only by treating the vendor's conduct as negligence for purposes of determining both the plaintiff's damages and the contributions of those jointly liable. For an analogous proposition in a different context see *Busch v. Busch Construction, Inc.*, 262 N.W.2d 377 (Minn.1977).

4. Effective March 23, 1982, Minn.Stat. § 340.95 was amended to provide as follows:
 Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, or incurs other pecuniary loss by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally

selling or bartering intoxicating liquors or non-intoxicating malt liquors, caused the intoxication of that person, for all damages sustained. All damages recovered by a minor under this section shall be paid either to the minor or to his parent, guardian, or next friend, as the court directs. All suits for damages under this section shall be by civil action in any court of this state having jurisdiction. Actions for damages based upon liability imposed by this section shall be governed by section 604.01. The provisions of section 604.01, as applied under this section, do not apply to actions for injury to person, property, or loss of means of support brought by a husband, wife, child, parent, guardian or other dependent of an intoxicated person. Minn.Laws 1982, c. 528 § 7.

340.95 (1982), as it incorporates the comparative fault statute, Minnesota Statutes section 604.01 (1982). The second reason for dissenting stems from what I believe is the major rationale behind the Civil Damages Act. Minn.Stat. § 340.95 (1982).

1. The Civil Damages Act, quoted in the majority opinion, mandates that comparative fault will be used to allocate fault and thereby apportion liability for violations of the Act. Minn.Stat. § 340.95 (1982). Certain related persons, however, are exempted from the fault apportioning provisions of the Comparative Fault Statute. Section 340.95 exempts from the Comparative Fault Statute "actions for injury to person, property, or loss of means of support brought by a husband, wife, child, parent, guardian or other dependent of an intoxicated person." *Id.*

It appears that the legislature, by drafting this exclusionary language, has made a conscious decision to preclude the comparison and allocation of fault attributable to an intoxicated person in actions brought by a husband, wife, child, guardian or dependent of that intoxicated person. To allow a vendor to shift partial responsibility by seeking contribution from an intoxicated person in a suit brought by a member of his family against the vendor, thwarts the purposes for which the Civil Damages Act was enacted. See *Conde v. City of Spring Lake Park,* 290 N.W.2d 164, 166 (Minn.1980); *Ascheman v. Village of Hancock,* 254 N.W.2d 382, 385 (Minn.1977).

Since no fault is attributable to an intoxicated person pursuant to section 340.95, no liability, at least under the Civil Damages Act, arises. Under Minnesota Statutes section 604.02, the contribution section, the percentage of liability, and therefore contribution, that a tortfeasor incurs is allocated based upon the fault determined by section 604.01, the comparative fault section. *See* Minn.Stat. §§ 604.01–.02 (1982). Since section 340.95 precludes computing and allocating a percentage of fault under section 604.01 to the intoxicated person in a suit commenced by his family, it follows that liability cannot be allocated. *See* Minn.Stat. § 340.95 (1982).

The majority opinion, if followed, would distinguish between fault and liability. Even if fault were not to be assigned in this case, the majority still believes liability could. That construction is wholly without support in the statutory law. The legislature clearly, by statutory construction and policy, meant to preclude contribution in cases such as the one currently before us. It is not the province of this court to alter that explicit legislative determination.

2. The purposes behind the Civil Damages Act were clearly enunciated by this court in *Conde v. City of Spring Lake Park,* 290 N.W.2d 164 (Minn.1980), as both penal and remedial in character. *Id.* at 166; *Martinson v. Monticello Municipal Liquors,* 297 Minn. 48, 54, 209 N.W.2d 902, 906 (1973). It is designed to penalize the illegal sale of liquor and to provide a remedy to those damaged by the illegal sale. *Ascheman v. Village of Hancock,* 254 N.W.2d at 385; *Ross v. Ross,* 294 Minn. 115, 120, 200 N.W.2d 149, 152 (1972).

The court in *Conde* also held that by imposing liability on vendors and not allowing contribution from the intoxicated person acts as an incentive to vendors to avoid illegal sales. 290 N.W.2d at 166; *See also, Skaja v. Andrews Hotel Co.,* 281 Minn. 417, 424, 161 N.W.2d 657, 661 (1968). The *Conde* court found that the failure to allow contribution also "reflects the legislative judgment that the vendors can best bear the loss." 290 N.W.2d at 166.

Most importantly the court in *Conde* recognized that allowing contribution from the intoxicated person would thwart the purposes behind section 340.95 and would diminish the ability of the intoxicated person to support his or her family. This latter concern was found by this court to be the primary rationale for the Civil Damages Act. *See Lemmer v. IDS Properties, Inc.,* 304 N.W.2d 864, 869 (Minn.1981).

The majority now aborts that formerly announced policy by allowing contribution against the intoxicated person in the instant case. The majority opinion focuses on

the right of contribution historically granted to co-tortfeasors. The analysis need not venture so far. This case turns upon the legislative judgment in Minnesota Statutes section 340.95 that no fault be assigned to an intoxicated person in an action prosecuted by members of his family.

For the foregoing reasons, I respectfully dissent from the majority opinion.

PETERSON, Justice (dissenting).

I join in the dissent of Mr. Justice Todd.

YETKA, Justice (dissenting).

I join in the dissent of Mr. Justice Todd.