**In re ESTATE OF Darrell K. MORSE, Deceased.**

**No. C6–84–1923.**

Court of Appeals of Minnesota.

March 26, 1985.

Donald F. Hunter, Minnetonka, for appellant, A.H. Wilder Foundation.

Patricia A. O'Gorman, Cottage Grove, for respondent, Estate of Darrell K. Morse, deceased.

Heard, considered, and decided by LESLIE, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

Appellant A.H. Wilder Foundation brought a motion to allow its claim to be filed in probate court against respondent, the estate of Darrell K. Morse. The trial court dismissed the motion for lack of jurisdiction. Pursuant to Minn.Stat. § 525.71, subd. 5 (1984), this appeal was taken. We reverse and remand.

## FACTS

In November, 1983, Darrell K. Morse and his son were involved in an accident with a truck owned by A.H. Wilder Foundation and driven by one of Wilder's employees. The elder Morse was killed in the accident and the son was severely injured. The son remains hospitalized in a coma.

Pursuant to Minn.Stat. 524.3–801 (1982), the probate court issued an Order and Notice of Hearing which provided:

All creditors having claims against said estate are required to present the same to said personal representatives or to the

Clerk of the Court within four months from the date of this notice or said claims will be barred.

On July 31, 1984, after the expiration of this four month period, the Wilder Foundation attempted to file a contingent claim against the Morse estate in case the injured son brought an action for damages, if any, which exceed his insurance coverage. When the probate court refused to accept the claim, the injured son's conservator commenced an action against his father's estate for damages in excess of the liability insurance coverage. Appellant cross-claimed for indemnity and contribution against decedent's estate for injuries caused by decedent's negligence. Appellant also asked the court to reconsider its motion to allow the late claim.

The court concluded that since appellant's claim is a tort claim that arose before the death of decedent Minn.Stat. § 524.3–803(a) applies. This section makes reference to Minn.Stat. § 524.1–201(4) which prevents tort claims from being tried in probate court. Therefore, the probate court again refused to allow the claim for lack of jurisdiction.

Appellant Wilder Foundation objected contending its claim for contribution is not a tort claim and furthermore, good cause existed for its late filing because it did not and could not have known it had a claim against the estate before commencement of the son's action.

## ISSUE

Did the trial court err in refusing to allow the Wilder Foundation to file its late claim?

## ANALYSIS

The probate court erred in relying on Section (a) of Minn.Stat. § 524.3–803 which refers to claims which arose *before* the death of decedent, because appellant's crossclaim for indemnity and/or contribution did not, and could not arise prior to decedent's death.

Appellant's contribution claim arose only after the lawsuit on behalf of the injured son was commenced, a date which was completely out of appellant's control.

■ In *Grothe v. Shaffer*, 305 Minn. 17, 23–24, 232 N.W.2d 227, 232 (1975), the supreme court was called upon to determine at what point a cause of action for contribution accrues and the statute of limitations begins to run. The court said,

A claim for contribution does not accrue or mature until the person entitled to the contribution has sustained damage by paying more than his fair share of the joint obligation. (citation omitted) Thus, the statute of limitations does not begin to run on the claim of one joint tortfeasor for contribution from another joint tortfeasor until one of the joint tortfeasors had paid more than his fair share of the damage.

This is true notwithstanding the fact that appellant's liability arises the instant the tort is committed whether or not the injured person chooses to assert his claim. *Pautz v. Cal-Ros, Inc.*, 340 N.W.2d 338, 339 (Minn.1983), citing *Hammerschmidt v. Moore*, 274 N.W.2d 79 (Minn.1978).

Since appellant's claim for contribution or indemnity does not arise until it has paid more than its fair share of the damages, the trial court erred in relying on Section (a) of Minn.Stat. § 524.3–803 which specifically refers to claims arising prior to decedent's death.

■ The trial court also erred in concluding appellant's claim is a tort claim. Although appellant's claim for contribution arises from a tort action, a claim for contribution or indemnity is an equitable claim.

■ The trial court should have allowed the claim because Minn.Stat. § 524.3–803(c)(3)(ii) provides that prior to the closing of an estate any claim which would otherwise be barred may be allowed by the court upon petition "for cause shown on the notice hearing as the court may direct."

Good cause existed for appellant's late filing because it did not and could not have known it had a claim against the estate

before commencement of the son's action. Affirming the trial court would be patently unfair because that would enable plaintiffs to manipulate the right of contribution by simply postponing the commencement of the lawsuit out of which the contribution claim arises until four months after the Notice to Creditors is published, or the time to file claims has lapsed.

## DECISION

We reverse the trial court and remand for entry of judgment consistent with this opinion.