Craig L. NELSON, et al., Respondents,

v.

Robert M. LARSEN, et al., Defendants and Third Party Plaintiffs, Appellants,

v.

Kevin HENSLEY, Defendant and Third Party Defendant, Respondent,

Michael's Stone Inn, Inc., Third Party Defendant, Respondent.

No. C3–86–2192.

Court of Appeals of Minnesota.

May 12, 1987.

Robert V. Espeset, Blomquist & Espeset, Minneapolis, for Craig L. Nelson, et al.

Brett W. Olander, Jardine, Logan & O'Brien, St. Paul, for Robert M. Larsen, et al.

Kent F. Spellman, Bloomington, for Kevin Hensley.

Timothy W. Waldeck, Foster, Waldeck & Lind, Ltd., Minneapolis, for Michael's Stone Inn, Inc.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

FOLEY, Judge.

This appeal is from a grant of summary judgment to third party defendant and re-

spondent Michael's Stone Inn, Inc. We affirm.

## FACTS

On the evening of August 26 and the early morning hours of August 27, 1984, Craig L. Nelson, respondent Kevin Hensley, and two other friends were patrons at Michael's Stone Inn. When that tavern closed at 1 a.m., the four got into Nelson's car. Hensley drove north a short distance and stopped on the highway. Nelson got out to relieve himself.

As a joke, Hensley turned around and drove away from Nelson, who was standing either in or on the side of the highway. Hensley turned around again and drove slowly back. Appellant Robert M. Larsen, who was approaching from the opposite direction, struck Nelson from the rear as he was walking back towards Hensley. Nelson was seriously injured.

Nelson's blood alcohol level was .19 three hours after the accident. In an affidavit, a toxicologist states that in his opinion Nelson must have been obviously intoxicated when he was served alcoholic beverages at Michael's Stone Inn.

Nelson and his wife commenced a personal injury action against Larsen and his father, the apparent owner of the car that struck Nelson, and against Hensley.

The Larsens (as third party plaintiffs) thereafter commenced this third party action for contribution or indemnity against Hensley and Michael's Stone Inn (as third party defendants). Michael's Stone Inn moved for summary judgment, arguing that contribution cannot lie because no common liability existed between it and the Larsens. The parties stipulated to dismissal of the third party action as it related "to the claims of an illegal sale of intoxicating liquor" to Hensley because the evidence established Hensley had little or nothing to drink at Michael's Stone Inn that evening. As to the remaining claims, the trial court ordered:

2. That the motion of Michael's Stone Inn * * * for summary judgment as to the claim of [the Larsens] for indemnity and/or contribution by reason of claims

asserted by Barbara A. Nelson [Nelson's wife] is denied.

3. That as to the claims by [the Larsens] as against Michael's Stone Inn * * for recovery of contribution and/or indemnity for any damages or losses for which [the Larsens] pay or are obligated to pay as a result of the claims made by Craig L. Nelson, there is no genuine issue as to any material fact and is hereby dismissed and that the third-party defendant Michael's Stone Inn * * * is entitled to judgment as a matter of law * *.

The trial court's order was subsequently amended to include an express determination "that there is no just reason for delay in entering judgment." See Minn.R.Civ. App.P. 104.01; Minn.R.Civ.P. 54.02. Judgment was then entered. The sole issue on appeal involves the Larsens' request for contribution from Michael's Stone Inn for damages arising out of Nelson's claims. Briefs have been filed by the Larsens (as appellants) and by Michael's Stone Inn (as respondent). Hensley, a named respondent, has indicated by letter that he will not participate in this appeal.

## ISSUES

1. Did the trial court err as a matter of law in concluding that no right of contribution arose as to the claims of the voluntarily intoxicated person because no common liability existed between the dram shop and the tortfeasors?

2. Are the tortfeasors entitled to sue as "other persons" under the Civil Damage Act?

## ANALYSIS

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03; *Meany v. Newell*, 367 N.W.2d 472, 476 (Minn.1985).

## I

Although the Larsens' third party action is for contribution or indemnity, we need only consider the applicability of contribution. The Larsens do not raise indemnity as an issue on appeal and only argue that they are entitled to contribution.

Contribution is appropriate where there is a common liability enforceable against each co-tortfeasor. Note, *Contribution & Indemnity—An Examination of the Upheaval in Minnesota Tort Loss Allocation Concepts*, 5 Wm. Mitchell L.Rev. 109, 125–26 (1979). Common liability does not exist if the injured party could not bring a direct action against each of the co-tortfeasors. *Ascheman v. Village of Hancock*, 254 N.W.2d 382, 384 (Minn.1977). *See Conde v. City of Spring Lake Park*, 290 N.W.2d 164, 165–66 (Minn.1980). If one of the co-tortfeasors has a defense going to the merits of the injured party's claim, there is no common liability between that tortfeasor and the other tortfeasors. *Spitzack v. Schumacher*, 308 Minn. 143, 145–46, 241 N.W.2d 641, 643 (1976).

The Civil Damage Act, which provides the exclusive remedy against a dram shop for damages arising from improper sales of alcoholic beverages, does not create a cause of action in favor of one injured by his own intoxication. *Robinson v. Lamott*, 289 N.W.2d 60, 62–63 (Minn.1979) (partially overruled on other grounds by *Johnson v. Helary, Inc.*, 342 N.W.2d 146, 148 (Minn.1984)). Because Nelson's voluntary intoxication precludes any liability on the part of Michael's Stone Inn, common liability does not exist between the Larsens and Michael's Stone Inn.

The Larsens note that technical or procedural defenses which do not go to the merits of a claim will not prevent common liability from arising. They argue that Nelson's voluntary intoxication is such a defense. We disagree. Common liability is created at the instant a tort or wrong is committed. *See Milbank Mutual Insurance Co. v. Village of Rose Creek*, 302 Minn. 282, 285, 225 N.W.2d 6, 9 (1974). These defenses (which do not deny liability but merely avoid it) include release, statute of limitations, or failure to provide statutory notice. *See Spitzack*, 308 Minn. at 145–46, 241 N.W.2d at 643; *Jones v. Fisher*, 309 N.W.2d 726, 729–30 (Minn.1981). At no time was the dram shop in this case liable to the injured party either at common law or under statute.

The Larsens admit that acceptance of their arguments would result in a change of the law. They nevertheless assert that the requirement of common liability has been relaxed and that numerous exceptions have been carved out in order to do equity. In particular, they rely on *Lambertson v. Cincinnati Corp.*, 312 Minn. 114, 257 N.W.2d 679 (1977), where the supreme court allowed a claim for contribution against a negligent employer by a third party manufacturer, despite the exclusivity of the workers' compensation statute. The court reasoned that while no common liability to the employee existed in *tort*, both the employer and the manufacturer were nonetheless liable for the employee's injuries, the employer through the fixed no-fault workers' compensation system and the manufacturer through the remedy of a common law tort action. *Id.* at 128, 257 N.W.2d at 688. *Lambertson* thus still requires that both tortfeasors be somehow legally responsible to the injured party in order for contribution to lie. *See Conde*, 290 N.W.2d at 165–66 (common liability requirement not abolished). In this case the dram shop is not liable to Nelson under any legal theory of recovery.

The Larsens further argue that the result in this case should not be different from that of *Jones*, where a voluntarily intoxicated pedestrian was killed. In *Jones*, the supreme court concluded that the common liability requirement had been satisfied because suit had been brought by "decedent's spouse, an innocent third party to whom the protections of the Dram Shop Act * * * apply." *Id.* at 729. It further theorized that had the pedestrian survived, common liability would not have existed between the co-tortfeasors because "decedent * * * could not have maintained an action against [the dram shops] under the Civil Damage Act * * *." *Id.* Similarly,

the trial court in this case properly allowed a right of contribution as to the claims of Nelson's wife, but denied any contribution based on claims by Nelson himself.

## II

The Larsens alternatively contend that they are "other person[s]" entitled to sue directly under Minn.Stat. § 340.95 (1984) because if they are forced to pay a disproportionate share of Nelson's damages, they will have been injured in property.

The Civil Damage Act provides that any "husband, wife, child, parent, guardian, employer, or other person" injured by an intoxicated person may sue the liquor supplier. Minn.Stat. § 340.95 (1984). The purpose of this section is to compensate "innocent third persons" who are injured as a result of the illegal sale of liquor to an intoxicated person. *Herrly v. Muzik,* 374 N.W.2d 275, 278 (Minn.1985). We do not believe that the Larsens fit within this general category of persons. Although they are innocent in that they did not contribute to Nelson's intoxication, they are still tortfeasors and are not totally without fault.

Nor does the injury to property claimed by the Larsens fall within the meaning of the statute. Any "property" damage will occur (or so the argument goes) when a verdict, judgment or settlement is entered and the Larsens are required to pay more than their fair share of Nelson's damages. Since there is no fault on the part of the dram shop (under any statutory or common law theory) as to the claims of the voluntarily intoxicated person, it necessarily follows that the Larsens will never be required to pay a portion of Nelson's damages more properly attributable to the dram shop. *Cf. Jones,* 309 N.W.2d at 730 and *Jones,* 309 N.W.2d at 733 (Simonett, J., concurring in part and dissenting in part) (discussion of apportionment of fault among all parties who might have contributed to the death of a voluntarily intoxicated person in an action by surviving dependents).

**DECISION**

Affirmed.